CHAPIN *vs.* MERRILL.

*A promise* by one person to indemnify another for becoming a *guarantee* for a third, is not within the statute of frauds ; such promise need not be in writing, and the assumption of the responsibility is a sufficient consideration for the promise.

THIS was an action of *assumpsit* tried at the Erie circuit in April, 1828, before the Hon. JOHN BIRDSALL, then one of the circuit judges.

The plaintiff, at the request and on the solicitation of the defendant, entered into a written agreement under seal with one Asa Ransom, by which they covenanted with a mercantile firm that if they would supply one *Asa Ransom, jun.* with such goods, wares and marchandizes as he should apply for, that they, the covenantors, would pay such sum and sums of money remaining unpaid by A. Ransom, jun, not exceeding $2000, as should be due to the firm. The defendant promised the plaintiff when he so solicited him to enter into such agreement, that he would indemnify and save him harmless against the consequences of so doing. The witness who proved the promise to indemnify did not understand that the defendant was to have any interest in the goods to be furnished. The plaintiff and A. Ransom were subsequently sued on the agreement entered into by them, and the judgment obtained against them, on which an execution issued and the plaintiff was compelled to pay upwards of $600. After proof of these facts the defendant moved for a nonsuit, on the ground that the promise of the defendant not being in writing was within the statute of frauds. The motion was denied, and the jury, under the charge of the judge, found a verdict for the plaintiff for the sum claimed, which was moved to be set aside.

*H. White*, for defendant.

*H. Shumway*, for plaintiff.

*By the Court* MARCY, J. The contract on which this action is brought is not, in my opinion, within the statute of

NEW-YORK,   frauds.   The action is brought on the parol undertaking of
May, 1830.   the defendant to save the plaintiff harmless.   This is clearly
Chapin       an original undertaking ; it was not made with the party
v.           buying or selling the goods.   The goods sold by Hickok
Merrill.     and Hart to Ransom were not the consideration for the
promise.   It was held by Lord Hardwicke, in the case of
*Tomlinson* v. *Gill*, (Ambler, 330,) that if the consideration
of the promise takes its root in a transaction distinct from
the original liability, the case is out of the statute.   This
proposition is illustrated by the case in which it is laid down
and by the case of *Read* v. *Nash*, (1 Wilson, 305.)   In the
first case Gill promised the widow and administratrix of an
intestate that if she would permit him to join with her in let-
ters of administration he would make good any deficiency
of assets to discharge the intestate's debts ; in the second, a
third person and stranger to a suit for a battery promised the
plaintiff if he would withdraw his record and proceed no
further he would pay him fifty pounds.   The person making
this promise, which was not in writing, was held liable.
Lee, Ch. J. says, " the true difference is between an original
promise and a collateral one ; the first is without the statute,
and the other is not, when it is to pay the debt of another
which was already contracted."

The promise in this case was original, and not a collateral
undertaking; but had it a sufficient consideration ? It is not
disclosed that the defendant received any benefit from what
was done by the plaintiff ; nor is it necessary, as I conceive,
that he should, to make him liable.   In *Tomlinson* v. *Gill*,
and *Read* v. *Nash* it does not appear that the defendants did
or could derive any benefit from their undertakings ; yet they
were held liable on them.   The consideration was the harm
to the plaintiffs.   In this case the consideration was the as-
sumption of the plaintiff of a responsibility on which he was
oblige to pay about six hundred dollars.   This is an abundant
consideration for the undertaking, on which this action is
brought.

Judgment for the plaintiff.