---

## SUPREME COURT.

MALINA L. BAKER agt. CHRISTIAN DILLMAN and others.

A promise to indemnify a guarantor against his guarantee of the debt of a third person, should be *in writing*, and express the *consideration* in order to be valid. In other words, a *parol promise* to indemnify the promisee for becoming bail for a third person, is *within the statute of frauds*.

*Second District General Term, July,* 1861.
EMOTT, BROWN *and* SCRUGHAM, *Justices.*
DEMURRER to complaint.

D. P. BARNARD, *for plaintiffs.*
JAMES ESCHWEGE, *for defendants.*

By the court, EMOTT, Justice. The Social Turn Verein, an unincorporated association or society of individuals, hired of one Case certain apartments in Brooklyn. Carl Schurig executed a formal guarantee, under seal, of the payment of the rent to Case. These papers were both dated May 1st, 1857. Schurig was a member of the Turn Verein at the date of the lease and guarantee, and for two years afterwards. The defendants were also members, and there were other persons who belonged to the society. On the 22d of April, 1859, the defendants executed the paper upon which the present suit is brought by the present plaintiff as assignee. It is not under seal, and is to the effect that the defendants "declare that Charles Schurig, late member of our society, acted, by signing the lease of our premises, only in our name, and therefore we declare that we will take all the responsibilities and consequences on ourselves." Schurig never signed the lease; but if, by a liberal construction, this instrument be referred to the guarantee, which he did sign, then it may be regarded as a contract to indemnify Schurig against his guarantee.

Judge COMSTOCK, towards the close of the lengthy and elaborate opinion which he delivered in *Mallory* agt. *Gillett*, states among the undertakings which have been held not within the statute, the following : " Where the promisee was a mere guarantor for the third person to some one else, and the promisor agrees to indemnify him." I understand this proposition to cover the ground of the present action, and if this proposition had been decided by the court of appeals, of course that would be an end to this question, and this non-suit must be set aside. I am constrained to observe, however, that such is very far from the fact. The first paragraph of Judge COMSTOCK's opinion contains a clear and complete statement of the case then before the court, the judgment of the court upon it, and the reason for it. The remaining nineteen pages contain a singularly acute and learned discussion of one branch of the statute of

frauds. But perhaps I might say that the first paragraph of the opinion contains all which is necessarily connected with the question before the court, and all which the court decided in affirming the judgment of the supreme court. Certainly it would be safe to say that the proposition which I have now quoted is in no way involved in that decision.

I feel at liberty, therefore, to consider this case, and the proposition just quoted, by which the action is sustained, upon their merits. If the proposition is to be construed in the manner I have just indicated, I must be permitted to say, with great respect, that it is not sustained by the authorities. In *Chapin* agt. *Merrill* (4 *Wend.*, 657,) it was held, that a promise by one person to indemnify another for becoming a guarantor for a third is not within the Statute of Frauds. But in *Carville* agt. *Crane* (5 *Hill*, 483,) the authority of this case was weakened, and the reasoning doubted; and in *Kingsley* agt. *Balcome* (4 *Barb.*, 131) the contrary was expressly held. The opinion of Judge SILL, in the latter case, contains a careful review of the authorities, and it was concurred in by Judge SELDEN and Judge MAYNARD. Whatever may be thought of the definitions of Judge SILL, in the light of Judge COMSTOCK's reasoning, the case is an express adjudication, not overruled by a higher court, that a parol promise to indemnify the promisee for becoming bail for a third person is within the Statute of Frauds.

To the same effect is the very deliberate judgment of the Court of King's Bench, by Lord DENMAN, in *Grover* agt. *Cresswell* (10 *A. and E.*, 453). Considering the promise upon which the suit is brought, therefore, as a promise to indemnify Schurig, against his guarantee of the debt of a third person, I am of opinion that the authorities hold, that it should not only have been in writing, but should have expressed the consideration in order to be valid. Upon principle, it is not easy to see why a guarantee for another is not equally a debt or engagement of the person by whom

it is made, with a promise or a contract exclusively on his own account.

But it is insisted that this is a promise by one of several persons, jointly liable, that he will pay the debt. It may be conceded that such a promise would not be within the statute. Thus, if Schurig were one of the associates who hired apartments of Case, and liable jointly with others for the rent, he might probably have been held and sued separately upon a parol promise to Case to pay the whole rent. It might also be that after such a payment he might have compelled contribution from his associates. But here was a formal guarantee by Schurig upon which he was sued, and a judgment obtained against him, not as a joint debtor promising to pay the debt, but as a guarantor of the engagement of a third party; and the present action is not for contribution, but upon a promise of indemnity for this guarantee, to recover the whole amount paid, precisely as if there had been no connection between the parties. The original debt of the association was unpaid, and the guarantee of its payment by Schurig outstanding and unsatisfied when the defendants made this promise. There was no consideration in fact for their promise, and none expressed in the writing containing it. I am of opinion that this paper cannot have the effect claimed for it in the present action. Whether it could have any operation in respect to any original liability of Schurig upon the lease, independent of the guarantee, is a question upon which it is not necessary to express our opinion. Of course he could compel contribution if he had been sued upon the lease or upon a promise to pay the rent.

It is, I think, very doubtful if he could do anything more, in the state of facts now presented. At all events he cannot·hold the defendants by their promise to indemnify him for his guarantee, which might involve the costs of the recovery against him as well as the amount of the judgment.

I think the defendants should have judgment.