JAMES M. POST, AS RECEIVER, &c. *against* STEPHEN GEOGHEGAN.

Defendant having directed a tradesman, to sell A. any goods he wanted, and he (defendant) would be responsible: *Held*, that taken in connection with the other circumstances of the case, *e. g.*, that defendant gave directions as to where the goods should be sent, &c., these words were sufficient to show that the intention, of the parties was that defendant should be primarily liable for the goods.

APPEAL by defendant from a judgment of the Eighth Judicial District Court.

This action was brought by the plaintiff, as receiver, &c., to recover the sum of $176 10 from the defendant, the same being a balance alleged to be due from the latter, to the firm of Halpin & O'Callaghan, for goods sold and delivered.

The defendant admitted the correctness of the plaintiff's

claim, as specified in the bill of particulars, with the exception of an item of $110 for a barrel of bourbon and a barrel of pure spirits, which were delivered to one John Connolly, and which he contended he was not liable for. The grounds on which he claimed exemption are stated in the opinion.

The justice rendered judgment in favor of the plaintiff for the full amount claimed.

*Malcolm Campbell*, for appellant.

*Aubrey C. Wilson*, for respondent.

LOEW, J.—It appears that the defendant called at the place of business of Halpin & O'Callaghan, in company with one Connolly, and after he had introduced him to one of the members of said firm, he requested them " to sell him (Connolly) any goods he wanted, and he (defendant) would be responsible." And the question now arises, whether this promise was an original undertaking, upon which the defendant can be held liable, or whether it was a collateral one, and thus within the statute of frauds.

To constitute an original obligation on the part of one, where the goods are delivered to another, it is requisite that it should appear that the credit was given solely upon the responsibility of the person making the promise, otherwise the undertaking is collateral and void by the statute, unless it be in writing.

This being so, I have entertained considerable doubt as to whether the defendant in this case is chargeable upon his promise. It will be observed, that the words employed were " *sell him*," which would seem to imply a transfer to Connolly for an equivalent in money. But upon reflection, I have come to the conclusion that such a promise may still be deemed an original obligation, if the surrounding circumstances clearly show that one party intended it, and the other acted upon it, as such.

In *Chase* v. *Day* (17 Johns. 113), the defendant said : " If my nephew should call for papers, I will be responsible for the

papers that he shall take." This was held to be an original and absolute contract on the part of the defendant. In *Dixon* v. *Frazee* (1 E. D. Smith, 32), it was said that where the defendant promised that he "would see that the plaintiff was paid," such promise might undoubtedly be regarded as an original undertaking, when so intended by the promisor, and so received and acted upon by the promisee. And in *Allen* v. *Scarff* (1 Hilton, 209), BRADY, J., remarked: "Perhaps if the engagement of the defendant was to see the vendor paid, it might be held sufficient." Although none of these promises was precisely like the one in the case at bar, I nevertheless refer to them, for the purpose of showing how our courts have viewed somewhat similar promises.

The present case is unquestionably a very close one. But I think that the promise, taken in connection with the uncontradicted testimony given on the part of the plaintiff, that the defendant himself directed the liquors, desired by Connolly, to be sent to the latter at Melrose—as well as the other circumstances of the case—was sufficient to warrant the justice in finding that the debt was contracted, primarily and exclusively, on the credit of the defendant.

The judgment should therefore be affirmed with costs.

J. F. DALY, J., concurred.

Judgment affirmed.