———o———

ANTON BISSIG, Appellant, *vs.* WM. BRITTON, Respondent.

1. *Frauds, statute of.—Promise of indemnity to surety within.*—A verbal promise made to a surety upon a replevin bond to hold him harmless against any damages incurred by reason of the premises, is a promise to answer for the default of another, viz: the principal in the replevin bond, and so is within the statute of frauds, (Wagn. Stat., 656, § 5) and not binding.

*Appeal from Buchanan Circuit Court.*

*Murat Masterson*, for Appellant, cited the following authorities: Thomas vs. Cook, 8 Barn. & Cr., 728; (*Contra* Green vs. Cresswell, 10 Ad. & El., 453) Cripp vs. Hartman, 10 Jur. N. S., 200 ; Chapin vs. Merrill. 4 Wend., 657 ; 5 Greenl., 304 ; Smith vs. Sayward, " Thorp Val. Verb. Ag.," §§ 438 to 478; Lucas vs. Chamberlain, 8 B. Mon., 276 ; Holmes vs. Knight, 10 N. H., 175.

*Fred. Ledergerber*, for Appellant.

I. Where the promisor and promisee are about to unite in an instrument of writing, as sureties for a third person, the promise to indemnify is not within the statute of frauds (12 N. Y., 462; 10 Barb., 512; 4 Hurls. & N. Eq., 738; 8 Barn. & C., 15 Eng. C. L., 739; 22 Pick., 97; 1 Kelly's Ga., 294; 8 B. Mon., 378; 13 *Id.*, 369; Thorp Val. Verb. Ag., p. 484, § 474; 23 Mo., 207); because, (*a.*) this was an original promise. (See authorities above cited; 10 N. H., 175; Troop, § 460; 20 Pick., 470; 4 Wend., 657; 22 *Id.*, 101; 31 Wis., 312, 313 op.; 1 Pet. U. S., 500; 9 Gray, 77; 10 Johns., 243; 12 Mass., 300; Thorp Val. Verb. Ag., 485, § 476; 21 Mo., 373; 1 Bond U. S. C. C., 506.) (*b.*) Between these parties the real transaction may be shown by parol. (10 Barb., 512; 12 N. Y., 467; 4 Hurls. & N., 739; 14 Ves., 169; 11 Ia., 317; 5 B. Mon.; 13 *Id.*, and authorities above cited; 21 Mo., 573; 9 Mo., 125; 23 Mo., 140, 207; 18 Mo., 74; 20 Mo., 571; 35 Mo., 282.)

*C. A. Mossman*, for Respondent.

The question must be determined by the agreement, (Glenn vs. Lehnen, 54 Mo., 53) and hence the court will look at the situation and intention of parties. (Garner vs. Hudgins, 46 Mo., 399; 3 Pars. Cont., 5 ed., p. 20.) Respondent's undertaking was that the suit should be duly prosecuted, and that the property in Wisner's possession should be returned on order of court, and all damages and costs against Wisner should be paid. Only on Wisner's default could appellant be harmed. Wisner is originally liable and respondent only collaterally so. (White vs. Solomonsky, 30 Ind., 590; 2 Pars. Cont., 9; Easter vs. White, 12 Ohio St., 219.)

If respondent's contract was original it must be supported by an original consideration between the promisor and promisee, and be beneficial as to the former. (Furbish vs. Gardener, 98 Mass., 296; Brown Fr., 204–9.) A simple detriment to the promisee will not be enough. (2 Pars. Cont.,

10; Nelson vs. Boynton, 3 Md., 396; Baker vs. Bucklin, 2 Den., 45; Kingsley vs. Balcome, 4 Barb., 131; Cook vs. Elliott, 34 Mo., 587; Garner vs. Hudgins, 46 Mo., 403 of opinion.)

A promise to indemnify is within the statute. (Garner vs. Hudgins, *supra;* Green vs. Cresswell, 10 Ad. & El., 453; Easter vs. White, *supra.*)

Here when the promise was made, the bond was not signed by appellant. Respondent never agreed to be bound unless the sureties signed, and was not bound until then, unless contingently; and this is not sufficient to take the case out of the statute. (Brown Fr., § 164; Suydam vs. Westfall, 4 Hill. 211; 7 Har. & J., Md., 391; Thorp Val. Verb. Ag., § 496.)

Barry vs. Ransom, (12 N. Y., 462) is not an authority. The question whether prisoner was bound at the time of making the promise, was not discussed.

WAGNER, Judge, delivered the opinion of the court.

This was an action upon a verbal promise made by the defendant, to hold the plaintiff harmless from all damages arising by reason of plaintiff signing, as surety, a replevin bond for John A. Wisner and others, they being about to commence an action for the recovery of personal property before a justice of the peace.

The petition alleged that defendant had already signed the bond as surety, and that in order to make it good he requested plaintiff to sign it also, promising at the time that he would hold plaintiff harmless from all damages arising therefrom, and from all liabilities incurred on account thereof, and that if any money was ever required to be paid in consequence of the undertaking, that he would pay it himself; that plaintiff signed the bond solely upon that consideration, promise and agreement. There was then an averment that judgment was rendered against Wisner and others, and their bondsmen, and that the property replevied was not returned, and that an execution was issued against them, which defendant refused and neglected to pay, and which plaintiff was compelled to satisfy in full.

These averments were denied in the answer, but the only defense relied on at the trial, was, that the promise was within the statute of frauds, and not being evidenced by any writing was therefore void. This defense was sustained by the court below, and the plaintiff appealed.

The 5th section of the act in relation to frauds and perjuries, declares that "No action shall be brought to charge any executor or administrator upon any special promise, to answer for any debt or damage out of his own estate, or to charge any person upon any special promise to answer for the debt, default or misconduct of another person * * * * * * unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized." (Wagn. Stat., 656.)

This section of our statute is mainly a transcript of the English statute of frauds and perjuries, and it is therefore important to examine the English cases, and ascertain how it has been construed there in doubtful cases. There, as in this country, it was for sometime involved in uncertainty as to whether contracts or promises of indemnity, as exhibited in this record, were to be regarded as coming within the provisions of the statute; but the settled rule of construction now seems to be that the statute applies.

The cases proceed upon the theory that where there is an implied liability on the part of a third person to reimburse the plaintiff, or remunerate him for the damages or loss suffered on his, such third person's, account, the promise of the defendant, in an action upon an alleged undertaking to indemnify the plaintiff, is an undertaking collateral to the implied liability of such third person, and so falls within the statute, and must be in writing and signed by the defendant, or some one by him authorized to sign the same.

The earliest case in which this question was raised, was Winckworth vs. Mills, (2 Esp. N. P., 483,) decided at *nisi prius*. There one Taylor made a promissory note to the de-

fendant, who indorsed it to another, who indorsed it to the
plaintiff, and he having lost the original note, applied to the
makers, who made a difficulty about paying it; whereupon
the defendant verbally promised to indemnify the plaintiff if
he would endeavor to enforce payment from the maker. The
action was in part to recover expenses incurred in such en-
deavor, and Lord Kenyon ruled that as to that part which
was based on the promise to indemnify, the plaintiff could
not recover, because it was a promise to answer for the debt
and default of another.

In Thomas vs. Cook, (8 Barn. & Cr., 728) a different doc-
trine was announced. In that case the plaintiff, at the re-
quest of the defendant, executed a bond with him and an-
other, to save harmless a third person from the claims upon
an old firm in which he had been a partner, and the defend-
ant verbally promised the plaintiff to save him harmless for
executing the bond, and the court decided that the defend-
ant's promise, being merely to indemnify, was not within
the statute. Bayley, J., saying, that in his opinion, "a prom-
ise to indemnify did not fall within either the words or the
policy of the statute of frauds;" and Parker, J., said: "This
was not a promise to answer for the debt, default or miscar-
riage of another person, but an original contract between
these parties, that the plaintiff should be indemnified against
the bond."

But in the subsequent case of Green vs. Cresswell, (10 Ad.
& El., 453) in the same court, the case of Thomas vs. Cook
was overruled. There the declaration stated that John Reay
had sued Joseph Hadley by *capias*, on which Hadley had
been arrested; and in consideration that the plaintiff, at the
request of the defendant, would become bail for Hadley upon
the *capias*, the defendant promised to indemnify him; but
Hadley did not put in special bail, whereby, etc. At the
trial the plaintiff had a verdict; but as the pleadings showed
that the promise was verbal, a rule *nisi* to arrest the judg-
ment was obtained, which the court after argument made
absolute. Lord Denman, C. J., in delivering the opinion of

the court, said : " The promise in effect is, ' If you will be-
come bail for Hadley, and Hadley, by not paying or appear-
ing, forfeits his bail bond, I will save you harmless from all
the consequences of your becoming bail. If Hadley fails to
do what is right towards you, I will do it instead of him. If
there had been no decision on the subject it would appear
impossible to make a reasonable doubt that this is answering
for the default of another.' " He then referred to Thomas
vs. Cook, and added, "But the reasoning in this case does
not appear to us satisfactory in support of the doctrine there
laid down, which taken in its full extent would repeal the
statute. For every promise to become answerable for the
debt or default of another may be shaped as an indemnity;
but even in that shape, we cannot see why it may not be in
the words of the statute, within the mischief of the statute it
most certainly falls. A distinction was also hinted at from
the circumstance of Hadley's debt being due to a third per-
son, and the default therefore incurred towards him, not to-
wards the bail. But here again is the surmise of an inten-
tion in the legislature which none of its language bears out;
and besides, may it not be said that the arrested debtor who
obtains his freedom by being bailed, undertakes to his bail to
keep them harmless by paying the debt or surrendering."

This case has ever since been considered the established
law in England. In the last reported decision on the sub-
ject (Cripps vs. Hartwell, 2 Best & Smith, 697) the case
showed that one Sarah Elliott, the daughter of the defendant,
had been committed to plead to an indictment against her
for a misdemeanor, and to be further dealt with according to
law; and being so committed, the defendant requested the
plaintiff to become bail for her, and to enter into certain re-
cognizances for her appearance; and the defendant agreed, in
consideration thereof, to indemnify the plaintiff against all
liability in respect thereof, and from all costs, damages and
expenses in respect to the same. Sarah Elliott did not ap-
pear according to the conditions of the bond, and the same
became estreated; and the plaintiff was compelled to pay

a certain sum in consequence thereof. On the part of the defendant it was objected that the case was within the statute of frauds, and of this opinion was the court. Green vs. Cresswell was quoted as decisive authority, and the judgment for the defendant was made absolute.

In the American States great contrariety on the question exists. In New York and Maine in an early day, Thomas vs.Cook was followed, and it was held that where the defendant promised to hold the plaintiff harmless against the consequences of his signing at his request a writing for the benefit of a third person, the promise was in the nature of an original undertaking and not within the statute. (Chapin vs. Merrill, 4 Wend., 657; Smith vs. Sayward, 5 Greenl., 504.) And upon the authority of the cases just cited, the rule has been announced in Georgia and Kentucky, that promises to indemnify are not within the statute of frauds. (Jones vs. Shorter, 1 Kelly, 294; Dunn vs. West, 5 B. Mon., 382; Lucas vs. Chamberlain, 8 *Id.*, 276 ; Jones vs. Letcher, 13 *Id.*, 363.) Such is also the law in New Hampshire. (Holmes vs. Knights, 10 N. H., 175.) But the courts of both North and South Carolina and Alabama repudiate this rule, and hold these verbal promises to be clearly not binding, if collateral to any implied liability on the part of a third person. (Draughan vs. Bunting, 9 Ired., 10 ; Simpson vs. Nance, 1 Spears, 4; Brown vs. Adams, 1 Stew., 51.)

Since the decision in Green vs. Cresswell, the New York courts have overruled Chapin vs. Merrill, and conformed their adjudications to the English rule. In the case of Kingsley vs. Balcome, (4 Barb., 131) an action was brought by the plaintiff to recover damages of the defendant, upon his undertaking or promise to save the plaintiff harmless from all damages by reason of his becoming bail for a third person, the plaintiff having in consideration of such promise become bail and been indemnified. It was held by the court, that a valid contract must not only be proved to have been made, but the same must be shown to have been in writing, and signed by the defendant, or by some one by him duly author-

ized to sign the same. Mr. Justice Sill, in delivering the opinion of the court, refers to the contrary holding in the case of Chapin vs. Merrill, (4 Wend., 657) and says: "The court there correctly lay down the principle controlling this class of cases. When the promise is an original, absolute promise, it is not within the statute ; otherwise, if it is collateral to the promise or undertaking of another ;" but he denies the correct application of the principle in that case. And the court expressly declare that it is not sufficient that the promise arise out of some new and original consideration of benefit or honor moving between the newly contracting parties, but that this new original consideration spoken of must be such as to shift the actual indebtedness to the new promisor, so that he must be bound to pay the debt as his own, the original debtor standing to him in the relation of surety. Other cases in that State are to the same effect. (Farley vs. Cleveland, 4 Cow., 432 ; Carville vs. Crane, 5 Hill., 483 ; Barker vs. Bucklin, 2 Den., 45.)

The case of Easter vs. White, (12 Ohio St., 219) was elaborately and ably considered, and is identical with the case we are now reviewing. Easter, the plaintiff, brought an action against Eliza J. White, the defendant, stating in his petition in substance, that he, at the request of the defendant, and upon her promise to indemnify him against any loss in so doing, became a surety for one McDonald, in an undertaking in replevin ; and that in an action against him on such undertaking, he was subjected to damages which he had been compelled to pay ; and that the defendant refused to fulfill her promise of indemnity. One of the defenses was, that the defendant made no promise in writing, to indemnify the plaintiff for becoming surety in the undertaking in replevin. The court after a most exhaustive discussion of the whole question, held the defense a good one, and decided that the promise was clearly within the statute of frauds, and not being in writing, was not binding on the defendant.

The earlier cases holding that the promise is not within the statute of frauds are cited and condemned by Brown on

Frauds, who expresses the opinion that they cannot be sustained by any just interpretation of the statute. (Brown on Frauds, §§ 159-60-61.)

Now the question to be determined in arriving at a correct conclusion, is whether the promise amounts to an original undertaking and is supported by a direct consideration, or whether it is collateral in its character, and depends upon some act to be omitted or performed by some third person. It is true there is some plausibility in the argument, that where a request is made by one person to another, to sign an instrument as surety for the benefit of a third party, and at the same time the person agrees to indemnify and save the surety harmless, and the surety becomes bound with that understanding, that it is an original promise founded upon a sufficient consideration. But the agreement of the surety is not to incur any liability for the person making the request, but to be responsible for a third party's acts, which makes it an undertaking collateral to the original promise.

The case here presents a verbal promise by the defendant, to indemnify the plaintiff against any loss by becoming surety for Wisner, and others, as principal in an undertaking by them executed in a replevin proceeding. The bond which the plaintiff was to be indemnified for becoming surety upon, was under the provisions of the law, that the plaintiffs in that action, the principals, should duly prosecute the proceedings in replevin, and return the property if the same was adjudged to be returned, or to pay the damages and costs awarded. Therefore, the defendant's promise to indemnify the plaintiff against any loss in so becoming surety, would surely seem to be a promise to answer for the default of others, that is, the default of Wisner and others, the principals in the bond or undertaking. The very consideration of the bond upon which plaintiff became surety was such that the plaintiff could only become liable to pay anything by reason of signing the same as surety, upon Wisner and others making default in the return of the property or in the payment of the damage and costs adjudged against them.

The principal is always liable to remunerate his surety for all moneys paid in his behalf, and if the promise be regarded as one to make good by repayment any loss incurred as surety for Wisner and others, still it would only amount to an undertaking that if Wisner and others should be in default in remunerating the plaintiff as their surety, that the defendant would, in Wisner's and others' stead, answer for their default by saving the plaintiff from such loss.

In whatever aspect the case is presented, we can construe it in no other light than that the obligation of suretyship entered into by the plaintiff was to be a responsibility for the default of other persons, to-wit: Wisner and others; and that, therefore, the promise of indemnity made by the defendant was within the statute of frauds, and being verbal, must be held incapable of enforcement.

This question has never before been directly presented in this court, and we are now to pass upon it for the first time. And we think that upon both authority and reason the promise comes clearly within the provisions of the statute. With this view the judgment must be affirmed; all the judges concur.