J. H. ROTTMAN ET AL., Appellants, v. HENRY FIX, Respondent.

St. Louis Court of Appeals April 19, 1887.

STATUTE OF FRAUDS—COLLATERAL PROMISE.—In order to show that a promise to pay for goods sold and delivered to a third person, is original, and not within the statute of frauds, it must be shown, either that credit was given solely to the promisor, or that he and the person by whom the goods were ordered, and to whom they were delivered, had a joint interest in the purchase.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

THOMAS A. RUSSELL, for the appellants: The promise must be distinctly collateral, to come within the statute. 3 Pars. Cont. 20; 2 Story Cont., sect. 1437. The promise sued on was original. *Chase v. Day*, 17 Johns. (N. Y.) 113; *Flanders v. Orlino*, 2 Duer, 206; *Post v. Yeohegan*, 5 Daly (N. Y.) 216; *Hartley v. Vassar*, 88 Ill. 561; *McCoffee v. Redcliff*, 3 Rob. 445. The promisor had a direct interest in the matter concerning which the promise was made. *Kelley v. Schupp*, 60 Wis. 176.

STONE & JOHNSON, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs brought an action before a justice of the peace, on the following statement:

"The plaintiffs state that, on or about the twenty-third day of October, 1883, he sold to the defendant, Henry Bormann, at the instance and request of the defendant, Henry Fix, one barrel of 49 Gl. of Capitol whiskey, at $1.75 per gallon, $85.75; and six jugs of

Steinhager, at $6, making a total of $91.75, for which the plaintiff prays judgment," etc.

Bormann was not served. Judgment was rendered against Fix, who appealed.

In the circuit court, the plaintiffs amended their statement so as to read :

"Henry Bormann and Henry Fix, to J. H. Rottmann & Co., Dr.

"1883, October 23.

"For 1 barrel (49 gals.) of Capitol whis-
    key, at $1.75 per gal...............$85 75
"For six jugs Steinhager, at $1.00.... 6 00

                                    ————
                                    $91 75 "

Upon a trial of the cause before the court, sitting as a jury, the court declared, as a matter of law, that, under the evidence, the plaintiffs could not recover, and this is substantially the only error complained of.

The goods sued for were bought by the defendant, Bormann ; they were ordered by him, delivered to him, and charged to him upon the plaintiff's books ; the only controversy between the parties is, whether the promise of Fix to become responsible for their price was an orig- inal or collateral promise ; if the latter, there could be no recovery, as the promise was not in writing.

Bormann was the son-in-law of Fix. The promise relied on is stated differently by the different witnesses of the plaintiffs. One of the plaintiffs testified that Fix stated to him, prior to the sale, that " he would hold himself responsible for all his son-in-law bought," and that he sold the goods to Bormann, relying on this promise. Another witness for the plaintiffs testified that he heard Fix say, prior to the sale : " Yes, sell him goods, and, if he don't pay, I will pay."

Neither of these statements tends to show that credit for the goods was given solely to Fix, nor does either of

these statements tend to show that Bormann and Fix were treated by the plaintiffs as joint purchasers, and one, or the other, of these elements is essential, to make the promise of Fix an original promise. Browne on Stat. of Frauds, sect. 197. The cases relied on by the appellants, fail to support a proposition to the contrary. In *Chase v. Day* (17 Johns. 113), the court say: "The question is, whether the credit was given originally and solely to the defendant." In *Post v. Yeoghegan* (5 Daly, 216), the court say: "To constitute an original obligation on the part of one, when the goods are delivered to another, it is requisite to show that the credit was given solely upon the responsibility of the person making the promise." In *Barnett v. McHugh* (128 Mass. 165), the court say: "There was evidence tending to show that the goods were sold on the sole credit of the promisor."

In the case at bar, the plaintiff's evidence shows that the goods were ordered by Bormann, were delivered to him, and were charged to him upon the plaintiff's books. The appellants cite the case of *McCoffee v. Redcliff* (3 Rob. [N. Y.] 445), to show that it is not material to whom the goods were charged. That case simply holds it is immaterial to show *when* they were thus charged, as the goods there were charged on the books to the person sought to be held.

The plaintiff's evidence further shows that the first intimation Fix had that he was looked to for payment was after Bormann had absconded, and that even then the bill presented to him was not made out against him, but against Bormann alone. In fact, the plaintiffs' own conduct throughout, and up to the time when they filed their amended statement in the circuit court, conclusively proves that they treated the promise of Fix as collateral.

The supreme court has always adhered to the rule which brings promises of this kind, unless clearly shown, by the party relying upon them, to have been original,

within the statute of frauds, and, if verbal, incapable of enforcement. *Bissig v. Britton*, 59 Mo. 204.

The judgment is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.