### ALDRED K. WARREN v. LEON ABBETT.

Argued February 28, 1900—Decided June.11, 1900.

An agreement by A to indemnify B for becoming accommodation endorser for C, is not within the statute of frauds, and therefore need not be in writing; and the assumption of the responsibility of an accommodation endorser, on the faith of such agreement, is a sufficient consideration to support it.

---

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff, *George W. Betts, Jr.*

For the defendant, *John P. Duffy.*

The opinion of the court was delivered by

GUMMERE, J. The material facts presented by the testimony in this case are as follows: The plaintiff, who was the president of the American Electrical, &c., Company, was liable as an accommodation endorser, upon certain of its paper to the extent of $6,000. Upon the paper falling due the holders thereof pressed for payment, but consented to renew, provided plaintiff would endorse the renewal notes. Before agreeing to do so the plaintiff consulted with the defendant, Abbett, and with one Duryea, who were directors of the company, and told them that if they would each be re-

sponsible to him for one-third of the amount of the renewal notes, in the event of his being compelled to pay them, he would renew his endorsement, but that otherwise he would take up the past-due notes and enforce them against the company. The defendant and Duryea each agreed to be responsible to the extent asked by the plaintiff, and the latter thereupon endorsed the renewal paper. Subsequently the company went into the hands of a receiver, and the holders 'of the paper notified plaintiff that they would hold him on his endorsement. Negotiations followed which resulted in the release of the plaintiff from his liability as endorser by the payment to the holders of the paper of the sum of $2,000. This payment was made after consultation with the defendant and Duryea, and after a promise by each of them to the plaintiff that they would each pay one-third of that amount.

All of these transactions took place in the city of New York.

This suit having been instituted to collect from the defendant his one-third of the $2,000 paid by the plaintiff as the consideration for his release from liability on his endorsement, the defendant interposed as a defence, first, that his promise to be responsible to the plaintiff to the extent of one-third of the amount which the latter should be compelled on his endorsement was not in writing, and was therefore void under the New York statute of frauds; and second, that there was no consideration to support the said promise. The trial court directed a formal verdict to be entered, and allowed this rule for the purpose of having determined, at the bar of this court, the applicability of the New York statute to the facts presented.

The pertinent provision of the statute invoked by the defendant is in these words: "In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith; * * * 2. Every special promise to answer for the debt, default or miscarriage of another person." The defendant's contention is that the promise sued on is an agreement to answer for the debt or

default of another, within the meaning of the statute, and is therefore void.

This agreement is in substance a promise to indemnify the plaintiff, *pro tanto,* against liability upon his endorsement, and the case, therefore, presents the question whether a promise by one person to indemnify another for becoming an accommodation endorser for a third, is a promise "to answer for the debt, default or miscarriage of another."

Judicial opinion is not at one upon this question. In some of our sister states, where a statute of frauds almost identical with that of New York is in force, it is considered that such a promise is within the statute, and therefore void, while in other states, and latterly in England, a contrary view prevails. The courts of New York and of this state consider the true doctrine to be that contracts of this kind are not within the statute.

In the case of *Chapin* v. *Merrill,* 4 *Wend.* 657, the Supreme Court of New York declared that "a parol promise by one person to indemnify another for becoming a guarantor for a third is not within the statute of frauds;" the reason being that it is an original undertaking, and not in any sense a promise to answer for the debt, default or miscarriage of another. To the same effect are *Tighe* v. *Morrison,* 116 *N. Y.* 263; *Jones* v. *Bacon,* 145 *Id.* 446.

Turning to the decisions of our own courts. In *Apgar's Administrators* v. *Hiler,* 4 *Zab.* 812, it was determined by the Court of Errors and Appeals that where one becomes surety for another at the request of a third person, and upon that person's promise that he would be put to no loss, such promise may be shown by parol, and is not within the statute of frauds. In *Cortelyou* v. *Hoagland,* 13 *Stew. Eq.* 1, the complainant was one of eight directors of a corporation. He endorsed a promissory note for its benefit, upon a promise of his seven co-directors that they would indemnify him against all loss resulting to him from such endorsement, except as to one-eighth part thereof. He was compelled to pay the note, and sought contribution from his co-directors upon their con-

tract of indemnity. It was held that the contract was not within the statute of frauds.

As the courts of New York and New Jersey concur in the view that contracts such as that which the present case presents are not within the statute of frauds it would be bootless to consider whether we should be governed by the decisions of the one jurisdiction or the other, in construing the New York statute. In either event the result would be the same.

As to the second question raised by the defence, viz., that there is no consideration to support the defendant's contract of indemnity, the cases already cited dispose of it adversely to defendant's contention. In *Chapin* v. *Merrill, supra,* it is said that "the assumption of the responsibility is a sufficient consideration for the promise." The same language is used in Jones v. Bacon. And in *Apgar's Administrators* v. *Hiler, supra,* it is said that, where one becomes surety for another, upon a promise of indemnity made by a third person, he may recover from such third person the whole of what he may have been compelled to pay as such surety.

The rule to show cause will be made absolute.