JOHN HARTLEY v. CORNELIUS SANDFORD.

Submitted July 6, 1900—Decided April 15, 1901.

·A promise by one person to indemnify another for becoming surety upon the bond of a third is not within the statute of frauds, and will support an action although not in writing.

On case certified from the Passaic Circuit Court.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff, *Zebulon M. Ward.*

For the defendant, *John B. Humphreys* and *Eugene Stevenson.*

The opinion of the court was delivered by

GUMMERE, J. This case was tried at the April Term, 1900, of the Passaic Circuit Court. The action was brought upon a verbal promise, upon the part of the defendant, made to the plaintiff, that if he (the plaintiff) would join as surety in a bond, given by the defendant's son Jacob to one Morehouse, to secure the payment of a debt of said son's to Morehouse, and should afterward be compelled to pay any money in consequence of such obligation, he (the defendant) would repay him.

The plaintiff had a verdict; and the question certified is whether the promise sued upon is valid and enforceable against the defendant, or whether it is not rather such a special promise to answer for the debt, default or miscarriage of another person as the statute of frauds (*Gen. Stat., p.* 1603, § 5) declares shall not, unless evidenced by writing, be the subject of an action.

At the term at which this case was argued we had occasion to consider, in the case of *Warren* v.˙ *Abbett, 36 Vroom* 99,

the question whether a promise by one person to indemnify another for becoming an accommodation endorser for a third, is a promise to "answer for the debt, default or miscarriage of another." The conclusion reached was that, under the previous adjudications of our courts, such a promise was an original undertaking, and not within the statute of frauds; and that, consequently, it would support an action although not in writing. The view expressed in the case cited must control in the determination of that now under consideration.

The Circuit Court is advised that the verbal promise of the defendant to indemnify the plaintiff for becoming surety upon the bond of the former's son Jacob was a valid and enforceable agreement, and that the plaintiff is entitled to judgment upon his verdict.