JAMES WILKIE, APPELLANT, v. ERWIN E. MARSHALL, EXECUTOR OF THE WILL OF ROBERT S. WOODRUFF, DECEASED, APPELLEE.

Submitted December 5, 1908—Decided March 4, 1909.

A promise by A to pay a debt incurred by B in the course of a specific litigation if B was unsuccessful in such litigation is not within the statute of frauds.

On appeal.

The agreed state of the case is as follows:

This action was brought upon two promissory notes, copies of which are as follows:

"$200.00.                     TRENTON, N. J., Nov. 20th, 1903.

"Sixty days after date I promise to pay to the order of Irwin P. Wolfinger Two hundred dollars at First National Bank Trenton, N. J.   Value received.

(Signed)  "JAMES WILKIE."

Endorsed "Irwin P. Wolfinger, R. S. Woodruff." Also "Protest waived 1. 19. 1904, R. S. Woodruff."

"$50.00.                      TRENTON, N. J., Nov. 23d, 1903.

"Sixty days after date I promise to pay to the order of Irwin P. Wolfinger Fifty dollars at 1st N. B.   Value received.

(Signed)  "JAMES WILKIE."

Endorsed "Irwin P. Wolfinger, R. S. Woodruff."

The plaintiff having moved his case offered as a witness on his behalf Irwin P. Wolfinger, who testified in substance as follows:

"I had a suit in the Court of Chancery, entitled Irwin P. Wolfinger v. Dora McFarland, &c., which had been decided against me as complainant in said court.   It was an important case to me, and I had not the means to take an appeal.  I

needed two hundred and fifty dollars ($250.00) to pay for printing the testimony in the case, with which to take an appeal to the Court of Errors and Appeals. My solicitors in the case were the late Judge R. S. Woodruff and Carroll Robbins. Judge Woodruff requested me to make an effort to raise the sum of two hundred and fifty dollars ($250.00), to pay for printing for an appeal. I called upon my friend Mr. Wilkie, the plaintiff herein, and asked him to help me. Mr. Wilkie and I met Judge Woodruff at the judge's office on November 20th, 1903, for the purpose of having Judge Woodruff explain the situation of the suit in chancery to Mr. Wilkie, the plaintiff. The judge (Woodruff) told him (Wilkie) that there was a large amount of testimony in the case and that it would have to be printed if an appeal was taken. Judge Woodruff said to Mr. Wilkie, 'If Mr. Wolfinger succeeds in his suit, he can pay you handsomely,' and then judge slapped Mr. Wilkie on the knee with his hand and said, 'And if he fails I will pay you.' Whereupon Mr. Wilkie made the note for two hundred dollars ($200.00), dated the same date, and made at that sitting and drawn up by Judge Woodruff, in his office, signed by Mr. Wilkie and at the same time endorsed by R. S. Woodruff. It was soon ascertained that more money was needed and the second note was made, and fifty dollars ($50.00) additional was loaned; and Mr. Wilkie paid both notes at bank." Mr. Wolfinger further testified that his suit in chancery was taken by appeal to the Court of Errors and Appeals and the opinion below was affirmed.

Before Justices GARRISON, PARKER and VOORHEES.

For the appellant, *Ellery Robbins.*

For the appellee, *Linton Satterthwait.*

The opinion of the court was delivered by

GARRISON, J. Woodruff's promise was that if his client failed in his appeal he, Woodruff, would pay the money ob-

tained from the plaintiff to do the printing required on such appeal. There was no objection to the competence of this testimony and no point is made that the promise thus proved lacked consideration. The appellant was nonsuited solely upon the ground that the promise thus proved was to pay the debt of another and was not in writing. Two questions that are not raised and hence will not be considered are— *first,* whether the notes signed by Woodruff do not satisfy the statute of frauds, and *second,* whether the action in the court below being on the notes should have gone off on the parole promise of the endorser.

Upon the case made in the trial court and presented and argued here the sole question is whether the promise proved by the oral testimony was within the statute of frauds. Upon this point we think it clear that the promise proved at the trial was not within the statute, *i. e.,* that it was an original promise as distinguished from a collateral one, and that it was none the less original because conditional. The only condition that would render such a promise collateral would be that Woodruff was to pay in case Wolfinger did not. That, however, was not the condition. It was not Wolfinger's failure to pay his debt but his failure to succeed in his appeal that constituted the condition upon which Woodruff was to pay. When Wolfinger failed in his appeal the sole condition upon which Woodruff's promise hinged was fulfilled. Such a promise was an original one upon the strength of which credit was given. This is the test to be applied. The fact that Wolfinger on his individual undertaking was also liable for the debt is not significant if his failure to pay the debt was not the event upon which Woodruff's liability was conditioned. If Wolfinger had succeeded in his appeal Woodruff would have been entirely released from his promise as proved by the oral testimony and the fact that Wolfinger did not pay his debt would have been an immaterial circumstance as far as Woodruff was concerned, which would not be the case if Woodruff's promise to pay the debt had been collateral to that of Wolfinger. The case is as clearly without the statute as are those in which the direct promise is to in-

demnify another promisor. *Warren* v. *Abbett,* 36 *Vroom* 99; *Apgar* v. *Hiler,* 4 *Zab.* 812; *Chapin* v. *Merrill,* 4 *Wend.* 657; *Tighe* v. *Morrison,* 116 *N. Y.* 263; *Jones* v. *Bacon,* 145 *Id.* 446; *Alger* v. *Scoville,* 1 *Gray* (*Mass.*) 391.

It was error, therefore, to direct a nonsuit upon the ground stated, and no other ground has been suggested for its support. Because of this trial error there must be a *venire de novo* to which end the judgment of the District Court is reversed.