SAMUEL WEINBERGER, HYMAN KUPFERSMITH AND CLARENCE KELSEY v. AGRICULTURAL INSURANCE COMPANY.

Argued November 1, 1910—Decided March 22, 1911.

The owner, together with first and second mortgagees, brought a joint action on a policy of insurance issued to the owner with a standard mortgagee clause contract with the mortgagees, and on demurrer it was held that the declaration did not state a cause of action in favor of the mortgagees, whereupon plaintiffs moved a severance with leave to file amended declarations. Upon inspection of the proposed amendments it appeared that the declaration proposed set up the same facts in support of the separate causes of action that had been pleaded in the joint declaration by each mortgagee in his own behalf. *Held*, that without passing upon the right of plaintiffs to sever under the circumstances presented, amendments would not be allowed which, separately pleaded, raised the same questions disposed of on the demurrer, and that in exercising the discretion permitted in allowing amendments the court should not permit such as pre-

sent, separately, questions considered and disposed of in an
earlier proceeding in the same action as distinct from each other,
although charged by different plaintiffs in support of their re-
spective claims in a joint action.

On motion to sever parties plaintiff, and to be allowed to file
separate amended declarations for different causes of action.

Before Justices REED, PARKER and BERGEN.

For the motion, *Clarence Kelsey.*

*Contra, Condict, Condict & Boardman.*

The opinion of the court was delivered by

BERGEN, J.  This action was instituted jointly by Kupfer-
smith as owner, and Weinberger and Kelsey as mortgagees, to
recover a fire loss against which the defendant had assured
the plaintiffs as owner and mortgagees, the contract of the
mortgagees, as alleged in the declaration being the ordinary
standard mortgagee clause attached to the policy issued to the
owner.  To a joint declaration filed in the cause the defendant
demurred upon the ground that the action could not be main-
tained by the plaintiffs jointly, because their right of action
rested upon separate and different contracts, and also that the
declaration did not set out a cause of action in favor of either
of the mortgagees.  The demurrer was sustained, the declara-
tion clearly showing that neither of the mortgagees had set
out a cause of action, and therefore no joint right to recover
was exhibited in the declaration.  *Weinberger* v. *Agricultural
Insurance Co.,* 51 *Vroom* 202.

An application being made to this court at the November
term, 1910, by the plaintiffs for leave to sever and to allow
each to file a declaration setting out his separate cause of ac-
tion, the court directed the plaintiffs to submit copies of the
proposed declarations which has recently been done.  As this
application is addressed to the discretion of the court, we
should look at the record proposed to be amended, and the

writ upon which the several proposed actions are to be based. The writ brings the defendant into court to answer to a joint action in favor of the plaintiffs, but the defendant having, by filing its demurrer, entered a general appearance, cannot now complain that it is not properly in court, and, consequently, subject to any lawful order the court may make either as to striking out parties or directing a severance. That a severance may be ordered after a demurrer to a joint action by husband and wife for injuries to the wife was held by this court in *Davis* v. *Public Service Corporation,* 48 *Vroom* 275, but that result was justified by section 31 of the Practice act (*Pamph. L.* 1903, *p.* 540), which permits the consolidation of actions of that character, Mr. Justice Swayze saying: "We see no reason why where a joint action is brought by virtue of the statutory permission, the court may not, if convenience demands, order the two causes separated." But the court will not consolidate two actions against the same defendant brought by the same plaintiff where the defence is not the same in each suit. *Worley* v. *Glentworth,* 5 *Halst.* 241. I think it quite clear that if instead of the present action two had been commenced, one by the owner and the other by the mortgagees, the court would not have ordered them consolidated, so a severance could not be supported for the reason given in the Davis case, *supra.* Whether two or more plaintiffs having separate and distinct contracts with a single defendant may jointly issue a summons, and after bringing the defendant into court be permitted to separately set up their particular causes of action, if there be no statute which directly or inferentially allows it, is to say the least doubtful, but the disposition of the present motion does not require consideration of this question, for, in my opinion, the proposed amendments by Weinberger and Kelsey, even if severance be allowed, present the same situation as was condemned in disposing of the demurrer above mentioned. The separate declaration which the plaintiff Kelsey proposes to file avers that Kupfersmith was insured as owner by the defendant by a written policy, a copy of which is annexed to and made a part of the declaration, and that the defendant also agreed to pay to one Charles Schlageter, as

first mortgagee, and Clarence Kelsey, one of the plaintiffs, as second mortgagee, the sum of $750 as their interests may appear. Bearing in mind that this is the same contract of insurance upon which the joint plaintiffs originally declared and which, when spread upon the record on the argument of the demurrer above referred to, this court adjudged did not show any contract with Kelsey, the logical result of the amendment would be a second demand of oyer and a demurrer thus presenting the precise case we have already disposed of during the orderly proceedings in this cause. We have now before us the contract upon which Kelsey proposes to declare, and we have said it is not a sufficient contract to maintain his action against the defendant, therefore the question which it is expected to present by the amendment is *res judicata.* It would be an abuse of our discretion to permit one plaintiff, who we have solemnly said had not shown a right of action on facts declared jointly with others, to separately set them up in an amended declaration as a support to a right of action already adjudged not to exist under them.

The motion to allow the plaintiff Kelsey to amend by filing a separate declaration of the character proposed should be denied, and I will next consider the motion made in behalf of Weinberger.

In disposing of the demurrer this court decided that Schlageter had no insurable interest in the property when the buildings were burned, having previously assigned his mortgage, which, by subsequent transfers, came to Weinberger, one of the plaintiffs, and therefore his assignment of the policy to Weinberger, after the fire had destroyed the buildings on the mortgaged premises, passed nothing to him, and as that was the only evidence of his right to any interest in the policy, the facts set up did not show a right of action against the defendant, and the demurrer was sustained. He now moves to amend by charging that the defendant, with other insurance companies, employed counsel to procure from Schlageter an assignment of his mortgage, and of all interest in certain policies of insurance issued by other companies than the defendant, naming them, to be made to the American Mortgage

Company; that at that time the said counsel took from Schlageter an assignment of his interest in said policies; that the property was destroyed by fire; that the American Mortgage Company, acting under the instructions of defendant, assigned the mortgage to one Condict, with all interest in said policies, "by an assignment not in writing," and as evidence thereof transferred to Condict a receipt for a policy issued by one of said insurance companies; that Condict, acting under the directions of defendant, assigned the mortgage to Clarence Kelsey, together with all his interest in any policies of insurance on the premises, and that the counsel employed by defendant represented to said Kelsey that the assignment "carried with it any and all the right and interest originally held by the said Charles Schlageter in said policies of insurance," and that subsequently Kelsey assigned all the interest he had in the policies to Weinberger. Giving this statement all the legal effect it is entitled to, it does not charge that the contract made with Schlageter by the defendant was ever assigned by Schlageter, or that the defendant company consented to any assignment. Certain policies of other companies are said to have been assigned, but not that of defendant, which was a contract to pay loss to Schlageter as mortgagee and did not extend to his assignees. It was a personal contract which Schlageter could not assign, at least not without such consent. Hence this amended declaration sets out no cause of action, and as the plaintiff should not be allowed to amend without showing a right of action, the filing of this amended declaration is denied.

With regard to the amendment proposed by Kupfersmith, I think it should be allowed. The sustaining of the demurrer, and the refusal to amend as to the two mortgagees, leaves Kupfersmith as the only party to the record able to proceed, and the defendant cannot be embarrassed in pleading to his declaration. The argument advanced against this amendment, that the question likely to arise in this case has been disposed of in another action, is not sound, for it cannot be assumed that the proof will be the same in both cases. There was also a motion to allow the filing of an amended

declaration jointly by the owner, and one of the mortgagees claiming under standard mortgagee clause, but manifestly this cannot be allowed. *Martin* v. *Franklin Fire Insurance Co., 9 Vroom* 140.

The motion to amend is allowed as to Kupfersmith and denied as to Weinberger and Kelsey, with costs to the prevailing parties on each motion.