·CHARLES JONES, Appellant, *v.* ORIN S. BACON, as Surviving Executor, etc., Respondent.

An oral promise by one person to indemnify another for becoming a guarantor for a third is not within the Statute of Frauds, and need not be in writing, and the assumption of the responsibility is a sufficient consideration for the promise.

In an action upon an alleged oral promise made by McK., defendant's testator, to indemnify plaintiff if he would indorse a note for K., which plaintiff thereupon did, to prove the promise, plaintiff called K. as a witness, and, in order to make him competent, executed to him a release from all liability because of said indorsement. *Held,* that by the release McK. was discharged from all liability to plaintiff, as on restoring to the latter the sum paid by him in discharge of his liability as indorser, McK. would have been entitled to the right which plaintiff had against K., and this was cut off by the release.

.Reported below, 72 Hun, 506.

(Argued March 14, 1895; decided April 9, 1895.)

APPEAL from ·judgment of the General Term of the ·Supreme Court· in the fifth judicial department, entered upon .an order made October 3, 1893, which denied a motion for a

new trial and ordered judgment in favor of defendant entered upon an order non-suiting plaintiff.

This action was brought to recover damages for a breach of an oral contract alleged to have been made by James McKechnie, defendant's testator, to indemnify him in case of his indorsement of certain notes made by one Kingsbury.

Upon the trial plaintiff called Kingsbury as a witness to prove the alleged promise. His testimony on that subject was objected to by defendant's counsel on the ground that the witness was incompetent to testify in regard thereto under section 829 of the Code of Civil Procedure. Plaintiff thereupon produced and proved and gave in evidence an instrument executed by plaintiff under seal, by the terms of which, in consideration of the sum of one dollar, he released Kingsbury from "all liability, responsibility or damages" sustained or which might thereafter be sustained by him by reason of his indorsement. This release was by an amended answer set up as a defense.

The further material facts are stated in the opinion.

*William H. Smith* for appellant. The non-suit was improperly granted. (*Leonard* v. *Vredenburg*, 8 Johns. 29 ; *Brown* v. *Curtiss*, 2 N. Y. 225 ; *Mallory* v. *Gillett*, 21 id. 412 ; *Ackley* v. *Parmenter*, 98 id. 425 ; *Tighe* v. *Morrison*, 116 id. 263 ; *Wildes* v. *Dudlow*, 11 Eng. Rep. 788 ; *F. N. Bank* v. *Chalmers*, 144 N. Y. 432 ; *Vogel* v. *Melms*, 31 Wis. 306 ; *Shook* v. *Van Mater*, 22 id. 534.) If the contract is not within the statute, then the release is no defense to this action, because the contract shifts the actual indebtedness to James McKechnie, the promisor, so that he is bound to pay the debt as his own, the original debtor Kingsbury standing to him in the relation of surety. (*Kingsley* v. *Balcome*, 4 Barb. 138 ; 62 Hun, 125 ; 144 N. Y. 432 ; *Gifford* v. *Corrigan*, 117 id. 257.)

*Henry M. Field* for respondent. The motion for a non-suit was properly granted. The alleged promises made by

the decedent, James McKechnie, to the appellant were each within the Statute of Frauds. (*Goodman* v. *Cohen*, 132 N. Y. 209; *Duffy* v. *Wunsch*, 42 id. 243; *Prime* v. *Koehler*, 77 id. 91; *Ackley* v. *Parmenter*, 98 id. 425; *Barnett* v. *Wing*, 41 N. Y. S. R. 799; *Browne* v. *Weber*, 38 N. Y. 187; *White* v. *Rintoul*, 108 id. 222.) Jones never became liable on that note at all, and, so far as he was concerned, the note was paid and canceled. (*Barnett* v. *Wing*, 41 N. Y. S. R. 799.) There was no consideration whatever for either promise, and none was shown. (*Ackley* v. *Parmenter*, 98 N. Y. 425; *Dunckel* v. *Dunckel*, 56 Hun, 25.) The release given by appellant to Sherman Kingsbury, the original debtor, discharged all parties who were in any way liable for or bound to pay the promissory notes. (Daniels on Neg. Inst. [3d ed.] § 1290; *Rowley* v. *Stoddard*, 7 Johns. 207; *King* v. *Baldwin*, 17 id. 384; *Mothram* v. *Mills*, 2 Sandf. 189; *Nicholson* v. *Revel*, 4 Ad. & El. 675; *Hayes* v. *Ward*, 4 Johns. Ch. 130; *Lewis* v. *Palmer*, 28 N. Y. 271.) The appellant has sustained no damages whatever. (*Ridgway* v. *Grace*, 50 N. Y. S. R. 326.)

*Frank Rice* for respondent. The agreements were without consideration, and, therefore, void. (*Barnett* v. *Wing*, 62 Hun, 125; Edwards on Bills & Notes, 218; *Hubbard* v. *Gurney*, 64 N. Y. 457.) The promises were within the Statute of Frauds and void because not in writing and subscribed by the defendant. (2 R. S. 135, § 2; 4 id. [8th ed.] 2590, § 2; *Leonard* v. *Vredenburgh*, 8 Johns. 29; *Chapin* v. *Merrill*, 4 Wend. 657; *Barry* v. *Ransom*, 12 N. Y. 462; *Sanders* v. *Gillespie*, 59 id. 250; *Mallory* v. *Gillett*, 21 id. 412; *Tighe* v. *Morrison*, 116 id. 263; *Kingsley* v. *Balcome*, 4 Barb. 131; *Baker* v. *Dillman*, 21 How. Pr. 444; *Barnett* v. *Wing*, 62 Hun, 125; *Carville* v. *Crane*, 5 Hill, 483; *Staats* v. *Howlett*, 4 Den. 559; *Nugent* v. *Wolfe*, 111 Penn. St. 471; *May* v. *Williams*, 61 Miss. 125; *Easter* v. *White*, 12 Ohio St. 219; *Kelsey* v. *Hibbs*, 13 id. 340; *Ferrell* v. *Maxwell*, 28 id. 383; *Brand* v. *Whelan*, 18 Ill. App. 186; *Waterman* v. *Rossiter*, 45 id. 155; *Bissig* v. *Britton*, 59 Mo. 204; *Brown*

v. *Adams*, 1 Stew. [Ala.] 51; *Martin* v. *Black*, 20 Ala. 309; *Draughan* v. *Bunting*, 9 Ired. [N. C.] 10; *Simpson* v. *Nance*, 1 Speer [S. C.], 4; *Macy* v. *Childress*, 21 Tenn. Ch. 438; Brown on Stat. of Frauds, §§ 158–161, 197; 1 Reed on Stat. of Frauds, § 144.) The release by Jones to Kingsbury discharged the estate of James McKechnie. (Edwards on Bills & Notes, \*218; *Newcomb* v. *Raynor*, 21 Wend. 107; *F. Bank* v. *Blair*, 44 Barb. 641; *Grow* v. *Garlock*, 97 N. Y. 81; *Coonley* v. *Wood*, 36 Hun, 559; *Barnett* v. *Wing*, 62 id. 125, 131; *Brown* v. *Williams*, 4 Wend. 360; *Lynch* v. *Reynolds*, 16 Johns. 40; *Matthews* v. *Aiken*, 1 N. Y. 595; *Wilkes* v. *Harper*, 2 Barb. Ch. 338; *Cole* v. *Malcolm*, 66 N. Y. 363.)

ANDREWS, Ch. J. The oral promise of the defendant's testator to the plaintiff was, in substance, a promise of indemnity in case the plaintiff would become indorser on the note of Kingsbury to the banking firm of McKechnie & Co. for a debt of Kingsbury to the bank. The plaintiff thereupon indorsed the note of Kingsbury to the bank, and has been compelled to pay thereon the sum of about $16,000, Kingsbury having made default and being insolvent. This is a statement of the facts in the simplest form, and the question arises whether the oral promise by the defendant's testator to indemnify the plaintiff was void under the Statute of Frauds, as being a promise to " answer for the debt, default or miscarriage of another person." (2 Rev. St. 135, sec. 2, sub. 2.) This is no longer an open question in this state. It was decided in *Chapin* v. *Merrill* (4 Wend. 657) that a promise by one person to indemnify another for becoming a guaranty for a third is not within the statute and need not be in writing, and that the assumption of the responsibility was a sufficient consideration for the promise. The doctrine of *Chapin* v. *Merrill* was approved in *Mallory* v. *Gillett* (21 N. Y. 412), in *Sanders* v. *Gillespie* (59 id. 250), and *Tighe* v. *Morrison* (116 id. 263), and in other cases in this court. The same doctrine now prevails in the English courts. (*Thomas* v. *Cook*, 8

Barn. & C. 728; *Reader* v. *Kingham*, 13 Com. Bench, N. S. 344; *Wildes* v. *Dudlow*, L. R., 19 Eq. Cas. 198.) We do not deem it proper to re-open the discussion or to refer to cases where a different view has prevailed. The court below considered the subject at large, and the able opinion of BRADLEY, J., refers to many of the cases on the subject.

The plaintiff was, therefore, entitled to maintain an action except for his act in releasing Kingsbury from his liability for the money he was compelled to pay on account of the indorsement. The release was probably essential in order to enable the plaintiff to make any proof of the agreement for indemnity, since he could establish the promise only by Kingsbury, the plaintiff himself not being a competent witness by reason of the death of the promisor McKechnie, and there being no other person cognizant of the transaction. By the release Kingsbury was discharged from all responsibility to the plaintiff. The plaintiff having paid the debt in part out of his property, could, prior to the release, have maintained an action against Kingsbury to recover the sum so paid. (*Butler* v. *Wright*, 20 Jo. 367; *Hunt* v. *Amidon*, 4 Hill, 345.) The indemnitor of the plaintiff, on restoring to him this sum in performance of the contract of indemnity, would be entitled to be substituted to the claim of the plaintiff against Kingsbury. This stands upon the most obvious principles of natural justice. The money paid by he plaintiff was at the request of Kingsbury, implied from the legal liability as indorser assumed by him, and Kingsbury was bound to reimburse the plaintiff. But, by an independent contract between the plaintiff and his indemnitor, McKechnie, the latter was also bound to save the plaintiff harmless. On performance of this obligation by the indemnitor, he would be entitled to stand in the shoes of the plaintiff as to his right to call upon Kingsbury. By equitable substitution the indemnitor would take the right which the plaintiff had against Kingsbury. There was no privity of contract between the indemnitor and Kingsbury, but there was between the plaintiff and Kingsbury. On paying the plaintiff what he had been compelled to pay for Kingsbury,

pursuant to the contract of indemnity, the indemnitor would stand as the equitable assignee of the plaintiff of the obligation of Kingsbury to him.   Kingsbury had no equity to be relieved from his obligation, because the plaintiff had recourse against McKechnie.   The plaintiff, though not strictly such, had the equities of a surety against Kingsbury, and the equities by operation of law would pass to McKechnie on his performing his contract of indemnity, except for the release. The release of Kingsbury by the plaintiff materially changed the rights and remedies of the defendant against Kingsbury. It barred any claim against Kingsbury in behalf of the estate of the indemnitor, to recover as the representative of the rights of the plaintiff against him, in case the plaintiff should prevail in the action.   Such an interference plainly operates to discharge the estate of the indemnitor.

Upon the ground that the release defeated the right of action, the judgment should be affirmed.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.