O'BRIEN v. DONNELLY. (No. 306/133.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. FRAUDS, STATUTE OF ⊚⟹21—GUARANTY.

An oral promise to indemnify another for becoming guarantor for a third is not within the statute of frauds, and is binding.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 33; Dec. Dig. ⊚⟹21.]

2. LIMITATION OF ACTIONS ⊚⟹56—RUNNING OF STATUTE.

Limitations against the right of a guarantor of the debt of a third person to recover on defendant's promise to indemnify him do not begin to run until the guarantor has been compelled to pay or has paid the debt of such third person.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 307–311; Dec. Dig. ⊚⟹56.]

3. LIMITATION OF ACTIONS ⊚⟹163—RUNNING OF STATUTE—PART PAYMENT.

Where defendant, who agreed to indemnify plaintiff upon his guaranty of the debt of a third person, after plaintiff had been compelled to satisfy such third person's debt, made a part payment, such part payment tolled the running of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 642–647; Dec. Dig. ⊚⟹163.]

4. EVIDENCE ⊚⟹445—CONSTRUCTION—NOTES.

Where defendant orally agreed to indemnify plaintiff on his guaranty of the debt of a third person, and it was agreed that plaintiff's guaranty should be a continuing one, and that the debt of such third person might be renewed from time to time, defendant, who executed a note to plaintiff for the term of one year, cannot defeat recovery on the guaranty on the ground that he was discharged by extensions of time beyond the year; parol evidence being admissible to explain the terms of the agreement.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. ⊚⟹445.]

5. INDEMNITY ⊚⟹12—DISCHARGE OF GUARANTY—EXTENSIONS OF TIME.

Where defendant agreed to indemnify plaintiff upon his guaranty of the debt of a third person, and defendant requested and acquiesced in extensions of the debt of such third person, he cannot defeat recovery on the ground that he was discharged by extension of time.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 26, 27; Dec. Dig. ⊚⟹12.]

Appeal from Judgment on Report of Referee.

Action by Dennis O'Brien against Peter J. Donnelly. From a judgment for plaintiff on report of referee, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas G. Barry, of New York City (George R. Salisbury, of Saratoga Springs, of counsel), for appellant.

Harold H. Corbin, of Saratoga Springs, for respondent.

SMITH, P. J. The defendant is a Catholic priest. He was interested in one Edward Argy. He desired Argy to open up a business of gentlemen's furnishings. Not having the credit himself, he came to the plaintiff and asked the plaintiff to indorse Argy's note in order

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to aid him to raise $1,500 to set him up in business. He promised to indemnify plaintiff, if he would do so. In pursuance of that promise he executed a paper, of which the following is a copy:

"Palmer Falls, April 7, 1905.

"The undersigned, Rev. P. J. Donnelly, promises to pay Dennis O'Brien, one year from above date, the sum of fifteen hundred dollars, ($1,500.00), value received.　　　　　　　　　　　　　　　　　　P. J. Donnelly."

O'Brien thereupon indorsed Argy's note at the Corinth Bank for $1,500 for four months. That note was renewed from time to time until 1908, at which time Argy died, and O'Brien was called upon to pay the balance due, which he paid. After payment of this balance due, he made a claim upon the estate of Argy, and received a small amount of his indebtedness. Thereafter the defendant himself sold some life insurance and paid the plaintiff several hundred dollars. There remained something due upon the amount paid by Dennis O'Brien for Argy, and he has recovered a judgment against the defendant in this action for the sum of $590.20 damages and costs. It is from this judgment that the appeal is taken.

[1] The defendant urges three defenses to this action.

First, it is claimed that this promise was within the statute of frauds, and that the memorandum is not sufficient to satisfy the statute. It is difficult to see why the paper given by Donnelly to plaintiff would not satisfy the requirement of that statute, even though the contract be within the statute of frauds. It is held, however, in Jones v. Bacon, 145 N. Y. 446, 40 N. E. 216, as follows:

"An oral promise by one person to indemnify another for becoming a guarantor for a third is not within the statute of frauds, and need not be in writing, and the assumption of the responsibility is a sufficient consideration for the promise."

This authority would seem to answer the claim of the appellant upon this branch of the case.

[2, 3] It is further claimed that the action is barred by the six-year statute of limitations. The note was made in 1905, for payment one year from date. It was made, however, in fact to indemnify the plaintiff. The plaintiff could not bring his action against the defendant until he had in fact paid the liability upon the note, which was not paid until within six years before the commencement of this action. Furthermore, in 1909, the defendant paid to the plaintiff upon this liability several hundred dollars which he had received from life insurance, and this payment would itself take the case out of the statute.

[4, 5] The third defense insisted upon by the defendant is that the defendant has been discharged by the extension of time to Argy. Argy's notes were for four months each, as is allowed in banking. The note of Donnelly was for one year. It is claimed that the provision was that Donnelly should be guarantor for only one year, and therefore for two renewals, and, inasmuch as O'Brien signed renewal notes for two years thereafter, that he extended the time of payment, and therefore released Donnelly. It is not necessary to decide here how far this principle of law is applicable to the facts in the case at bar. The finding of the court is that at the time the note was delivered

by the defendant to plaintiff it was agreed between the parties that it was to be good for any amount that the plaintiff might ever lose or pay by reason of the extension to Argy, and there was no time fixed during which such extension of credit by indorsing said Argy's note or otherwise should continue. It appears from the conversations between plaintiff and defendant that there was no limit in any way of one year, and the only inference is based upon the fact that the defendant's note was for one year. This clearly can be explained by oral evidence, and the finding of the court would seem to be conclusive that O'Brien was to indorse for Argy as long as might be necessary. Whatever may have been the original agreement, however, it is evident that Donnelly knew of these extensions from time to time, that he asked for them and advised them, and, therefore, the extension of time was not without the knowledge and consent of Donnelly, but expressly with his knowledge and consent. Furthermore, knowing all the facts, he paid in 1909 to the plaintiff several hundred dollars upon this indebtedness, thereby recognizing its validity.

It follows from these considerations that the judgment should be affirmed, with costs. All concur.