■ NICHOLAS CUTRO, Appellant, v SHEEHAN AGENCY, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered July 1, 1982 in Warren County, which granted defendant's motion to dismiss plaintiff's amended complaint. Plaintiff, in a complaint amended as of right, alleged a cause of action in negligence for defendant's failure to procure adequate excess liability insurance as instructed by plaintiff and sought a declaration as to defendant's liability to plaintiff for any money judgment arising from the accident for which plaintiff's insurer had denied coverage. Defendant's motion to dismiss the amended complaint for failure to state a cause of action was granted in a written order without a written or oral decision. Plaintiff appeals. The order entered at Special Term should be affirmed. Plaintiff's action is premature and fails to state a cause of action in negligence since he has, as yet, sustained no damage or injury (see *Donohue v Copiague Union Free School Dist.,* 64 AD2d 29, 32, affd 47 NY2d 440). It is alleged that defendant insurance agency failed to procure a proper policy of excess insurance coverage for plaintiff. It is only after exhaustion of the primary insurance that plaintiff can sustain any damage as a result of a denial of coverage under the excess policy. The liability of the excess carrier does not attach until the limits of the collectible insurance under the primary policy or policies has been exceeded (*Fairchild v Liverpool & London Fire & Life Ins. Co.,* 51 NY2d 65, 69). Plaintiff's cause of action for declaratory relief is also premature and was properly dismissed. A declaratory judgment will not be granted if it may only result in an advisory opinion (*New York Public Interest Research Group v Carey,* 42 NY2d 527, 529-530). "But a request for a declaratory judgment is premature if the future event is beyond the control of the parties and may never occur (*Prashker v United States Guar. Co.,* 1 NY2d 584)" (*id.,* at p 531). In the instant case, defendant will not be liable unless and until plaintiff sustains liability in excess of the primary insurance coverage. The underlying personal injury action has yet to be resolved. It may be settled within the primary coverage limits or any award to the plaintiff in that action may be within those limits. Thus, the future event is beyond the control of the parties and may never occur. Declaratory relief should not be rendered in such circumstances since it would be merely advisory at this time. Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.