■ STATEN ISLAND HOSPITAL, Appellant, v ALLIANCE BROKERAGE CORP. et al., Respondents.—In an action for a judgment declaring that the defendants had breached certain contractual obligations, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), dated July 3, 1986, which granted the defendants' motions dismissing the complaint and (2) so much of an order of the same court, entered January 8, 1987, as denied reargument.

Ordered that the appeal from the order entered January 8, 1987 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 3, 1986 is affirmed, and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

In 1980 Staten Island Hospital (hereinafter SIH) retained the defendant Alliance Brokerage Corp. (hereinafter Alliance) as its broker for the purpose of obtaining primary excess professional liability insurance. The policy was allegedly also

to cover incidents which occurred in a retroactive period running from July 1, 1976 through July 1, 1980. This primary excess insurance was to be totally reinsured. The reinsurance was to contain a "cut-through" clause whereby the reinsurers would obligate themselves directly to SIH in the event the primary insurer failed to pay claims under its policy. SIH was self-insured for liabilities up to $1,000,000. Alliance, with the assistance of the defendant Atlantic Excess and Surplus Inc. (hereinafter Atlantic), contacted defendant Bain Dawes PLC (hereinafter Bain Dawes), an English insurance broker, which subsequently obtained the insurance policy in question from Beacon Insurance Co. (hereinafter Beacon), a North Carolina corporation.

The policy, dated January 14, 1981, provided $5,000,000 in excess liability insurance above SIH's $1,000,000 of self-insurance. The policy was fully reinsured with 14 insurance companies which provided the necessary coverage in varying percentages. The policy contained the aforementioned "cut-through" endorsement as well as a clause which stated that "for the period * * * 1st July 1980 to * * * 1st January 1981 the coverage and limits provided by this Policy includes incidents which occur within the Affiliated Risk Control Administrators Inc. administered programme for the period 1st July 1976 to the 1st July 1980".

Because of a malpractice claim for an incident which occurred in March 1979 it became almost certain that SIH would exceed its self-insurance by an amount in excess of $100,000. As a result of correspondence between SIH, Beacon and legal representatives of the reinsurers, SIH allegedly learned for the first time that (1) the reinsurers had never agreed to or authorized the "cut-through" clause and (2) Beacon and the reinsurers never agreed to insure liabilities arising from occurrences prior to July 1, 1980, except insofar as they were first reported during the period July 1, 1980 to January 1, 1981.

SIH reached the second of the above conclusions based on a letter from Beacon in which the insurance company informed SIH that it was operating under a "Reservation of Rights" because of untimely notice and because no claim was made within the policy period.

The present action was commenced by SIH against Alliance, Atlantic and Bain Dawes alleging that the defendants had breached their contractual obligation to SIH by failing to provide reinsurance with a "cut-through" clause and insurance and reinsurance for liabilities arising from occurrences

between July 1, 1976 and July 1, 1980. In an order dated July 3, 1986 the complaint was dismissed as premature since SIH had not as yet made any claim against the policy and there was no showing that the insurance in question was not available. In support of its motion for reargument SIH contended that at the least, the court should grant an indefinite stay of the proceedings, pending a determination by Beacon and the reinsurers on any claim filed by SIH, because the Statute of Limitations on SIH's claim against the defendants would expire in January 1987 and dismissal of the complaint might leave SIH without a remedy against these defendants. In an order dated January 8, 1987, the court adhered to its original determination but stayed the proceedings 120 days to allow SIH to pursue its claim against the insurance companies.

On appeal SIH argues that it was error for the court to dismiss its complaint as premature. We disagree. A review of the record reveals that any declaratory judgment would be premature since the future event, in this case rejection of SIH's insurance claim, is beyond the control of the parties and may never occur *(see, New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 531; *State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514, 517-518). "[A]ny determination the court may make would be merely advisory since it can have no immediate effect and may never resolve anything" *(New York Pub. Interest Research Group v Carey, supra,* at 531). The plaintiff's reliance on *LiMauro* is misplaced. *LiMauro* does stand for the proposition that "it is long settled that a declaratory judgment action against insurers, including excess carriers, is permitted prior to judgment where the 'judgments likely to be recovered' in the underlying claims would amount to more than the excess floor" *(State Farm Fire & Cas. Co. v LiMauro, supra,* at 518). However, the instant action is not against the insurers but against the brokers and therefore is premature *(see, Cutro v Sheehan Agency,* 96 AD2d 669).

Furthermore, the insurance policy contains the specific "cut-through" clause requested by SIH. The reinsurers' claim that they never agreed to or authorized such a clause is directly contrary to the representations in the policy that the clause was authorized by the reinsurers. Moreover, SIH's conclusion that the policy does not provide insurance or reinsurance for incidents occurring between July 1, 1976 and July 1, 1980, except if reported between July 1, 1980 and January 1, 1981, is not based on any definitive evidence in the record.

Although the court did not reach the issue in dismissing the

complaint we agree with the defendants that in addition to being premature the complaint was defective in that it failed to join as necessary parties to the action Beacon and the reinsurers (see, CPLR 1001). Essentially SIH was seeking a declaration that certain clauses in its policy with Beacon did not provide the protection which it had contracted with the defendants to obtain. Since a judicial determination as to the meaning and validity of the disputed clauses would perforce affect the legal rights and relationships between SIH and the insurers, Beacon and the reinsurers are necessary parties to the action (see, State of New York v Wolowitz, 96 AD2d 47, 55; Joanne S. v Carey, 115 AD2d 4, 7).

SIH's claim that joinder of these parties should be excused because they are not amenable to service in New York is mere conjecture and is not supported by the record. Likewise the request for an indefinite stay to prevent expiration of the Statute of Limitations against the defendants would not cure the failure of SIH to join necessary parties. We note that CPLR 205 would allow SIH to bring a new action within six months of the entry of a judgment dismissing this action.

In light of our decision that the complaint was properly dismissed for reasons of prematurity we do not reach the other reasons for dismissal which are advanced by the defendants. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.