■ ALFRED HESSE, Appellant, v JOHN SPEECE et al., Respondents. [611 NYS2d 308] —In an action, *inter alia,* for a judgment declaring that the defendants are bound to indemnify the plaintiff for liability he may incur in connection with a personal injury action, the plaintiff appeals from of an order of the Supreme Court, Nassau County (Robbins, J.), which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In or about 1981, the plaintiff purchased automobile insurance from the defendant State Farm Insurance Company through the defendant John Speece, an insurance agent or broker, which provided for liability coverage of up to $100,000 per person and $300,000 per occurrence. The defendant Speece subsequently procured a homeowner's policy for the plaintiff as well. In 1990, the plaintiff was involved in an automobile accident with Thomas Aloisio, as the result of which a negligence action was commenced against the plaintiff seeking damages in excess of $25,000,000. A settlement offer of the policy limit was refused, with Aloisio allegedly indicating that he would settle for $1,000,000.

The plaintiff subsequently commenced this action, *inter alia,* for a judgment declaring that the defendants must indemnify him for liability he may incur in connection with the personal injury action. He alleges that the defendant Speece and his principal, the defendant insurer, negligently failed to recommend that he procure additional insurance coverage. The Supreme Court granted the defendants' motion to dismiss the complaint, finding that the action was premature.

We agree with the Supreme Court's determination that this action is premature. At this juncture the plaintiff has not sustained any damages as the result of the alleged negligence of the defendants, as there has neither been a judgment nor a settlement against him in the underlying personal injury action, and, in fact, there may never be. Thus the action was properly dismissed as premature *(see, Cutro v Sheehan Agency,*

96 AD2d 669; *see also, Staten Is. Hosp. v Alliance Brokerage Corp.,* 137 AD2d 674).

We further note with respect to those causes of action which seek a declaratory judgment, that "[t]he general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations" *(James v Alderton Dock Yards,* 256 NY 298, 305, citing *Brownell v Board of Educ.,* 239 NY 369; *Sartorious v Cohen,* 249 NY 31). "Where there is no necessity for resorting to the declaratory judgment it should not be employed" *(James v Alderton Dock Yards,* 256 NY, *supra,* at 305). The plaintiff is not seeking a declaration as to the relative rights of the parties in respect of the matter in controversy; he is seeking a declaration that the defendants were negligent in the manner in which they conducted business with him. This is not the function of a declaratory judgment action, and thus the complaint does not state a cause of action for declaratory relief, and should be dismissed on this basis as well *(see, Apple Records v Capitol Records,* 137 AD2d 50, 54). Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.