■ THOMAS K. ZALONDEK et al., Appellants, v DAVID P. LAU-DATO, Respondent. [667 NYS2d 455] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 22, 1996 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs contracted with defendant for the construction of a residence in the Town of Glenville, Schenectady County. Pursuant to the terms of the construction contract, defendant agreed to "keep and maintain fire and extended coverage insurance to cover all work and materials used in construction". On November 7, 1992, plaintiffs' house, which was nearly completed, caught fire and burned to the ground. As a consequence, plaintiffs commenced this action against defendant for negligence and breach of contract for failing to maintain insurance as required by the contract. After answering, defendant moved for summary judgment. Supreme Court granted the motion and this appeal ensued.

We agree with Supreme Court's determination that no material issue of fact existed with regard to plaintiffs' cause of action sounding in negligence and summary judgment was appropriately granted in that regard. In support of his motion for summary judgment, defendant submitted a report of a Schenectady County Fire Investigator, who was of the opinion that a determination of the cause and origin of the fire was impossible. In opposition to the motion, plaintiffs submitted an expert's affidavit that propounded at least two causes of said fire. The expert's affidavit, however, is flawed in two respects. First, the opinion expressed therein is premised upon a number of facts that are not supported by record evidence. More importantly, even accepting the opinion as valid and supported by record evidence, nothing therein establishes any negligence on the part of defendant. Plaintiffs' expert expresses no opinion as to what defendant is purported to have done that was in violation of any industry standards or, in the expert's opinion, constituted poor and improper workmanship that resulted in the fire.

We reach a contrary conclusion, however, with regard to Supreme Court's dismissal of plaintiffs' breach of contract cause of action. A review of defendant's submissions in support of its motion for summary judgment reveals absolutely no mention of plaintiffs' breach of contract claim and presents utterly no facts in opposition thereto. Indeed, the only record evidence reveals that defendant refrained from procuring insurance because he was aware that plaintiffs had obtained their own insurance policy. Defendant's only reference to the breach of

contract cause of action is contained in the reply affidavit of defendant's attorney, wherein counsel states that "[i]t has been the long-standing rule that 'whether a defendant has or has not obtained insurance is irrelevant to the issues, and, is highly prejudicial, therefore, inadmissible' ". This hardly constitutes prima facie evidence of entitlement to summary judgment and Supreme Court improperly granted defendant's motion in this regard.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment with respect to the cause of action for breach of contract; motion denied with regard to said cause of action; and, as so modified, affirmed.