■ EASY SHOPPING CORP., Respondent, v SNEAKERS CENTER AND SPORTS, INC., et al., Appellants, et al., Defendants. [755 NYS2d 658] —In an action to recover damages to property, the defendants Sneakers Center and Sports, Inc., and Yung H. Kim appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated May 6, 2002, as, upon renewal, denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the motion is granted, and the complaint is dismissed insofar as asserted against the appellants.

The plaintiff commenced this action after its store sustained property damage as a result of a fire that originated in an adjacent store operated by the defendant Sneakers Center and Sports, Inc. (hereinafter Sneakers Center). Physical examination of the area was precluded due to the partial collapse and structural instability of the building, and the Fire Department could not determine the cause of the fire. A gas space heater observed in the rear collapsed area of the Sneakers Center store at the time of the incident was removed prior to the Fire Department's investigation.

The defendants Sneakers Center and Yung H. Kim, its president, established their entitlement to judgment as a matter of law. Based upon the Fire Department's incident report, the testimony at the examination before trial of the defendant Yung H. Kim, and the deposition testimony of Moshe Mizrahe, a representative of the plaintiff, Sneakers Center and Kim established that none of their acts or omissions caused or contributed to the fire that damaged the plaintiff's property. In opposition, the plaintiff failed to raise a triable issue of fact as

to whether the gas space heater located in the Sneakers Center store caused the fire. In the absence of any evidence, the plaintiff's claim that the heater caused or contributed to the fire was purely speculative (*see Tower Ins. Co. of N.Y. v M.B.G. Inc.*, 288 AD2d 69 [2001]). Thus the Supreme Court erred in denying, upon renewal, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.