■ KINGS PARK INDUSTRIES, INC., Respondent-Appellant, v AFFILIATED AGENCY, INC., Appellant-Respondent. [802 NYS2d 202]—

In an action, inter alia, to recover damages for breach of contract and for declaratory relief, (1) the defendant appeals (a) from a decision of the Supreme Court, Nassau County (McCarty, J.), dated October 4, 2004, and (b), as limited by its brief, from so much of an order and judgment (one paper) of the same court entered November 22, 2004, as, upon denying that branch of its motion which was to dismiss the third cause of action and granting the plaintiff's cross motion for summary judgment on that cause of action, is in favor of the plaintiff and against it on that cause of action, and declared that it is obligated to hold harmless and indemnify the plaintiff for any loss it may sustain

by reason of the absence of certain excess insurance coverage, and (2) the plaintiff cross-appeals from (a) the decision dated October 4, 2004, and (b) so much of the order and judgment (one paper) entered November 22, 2004, as, upon granting those branches of the defendant's motion which were to dismiss the first and second causes of action, dismissed those causes of action.

Ordered that the appeal and cross appeal from the decision dated October 4, 2004, are dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order and judgment entered November 22, 2004, is reversed, on the law, without costs or disbursements, those branches of the motion which were to dismiss the first and second causes of action are denied, the branch of the motion which was to dismiss the third cause of action is granted, the cross motion is denied, the third cause of action is dismissed, and the first and second causes of action are reinstated.

The plaintiff commenced this action against the defendant insurance broker after discovering that the defendant failed to procure an excess liability policy for which the plaintiff had contracted and paid a premium. The first two causes of action sought recovery of the premium under negligence and breach of contract theories, while the third cause of action sought a declaration that the defendant was obligated to indemnify the plaintiff for any losses the plaintiff might sustain in the future as a result of not having the excess liability coverage in place for approximately one year. Following motion practice by the parties, the Supreme Court issued an order and judgment, inter alia, declaring that the defendant was obligated to indemnify the plaintiff for any losses it might incur as a result of the absence of the contemplated excess coverage for the period at issue. The court further dismissed the first and second causes of action, in effect, as academic, in light of its declaration. We reverse, dismiss the third cause of action, and reinstate the first and second causes of action.

A review of the record reveals that any declaratory judgment would be premature, since the future event which would give rise to indemnification (i.e., liability on the part of the plaintiff in excess of its primary liability coverage for an incident which occurred during the period at issue) is beyond the control of the parties and may never occur (*see New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]; *Staten Is. Hosp. v Alliance Brokerage Corp.*, 137 AD2d 674, 676 [1988]). "At this juncture the plaintiff has not sustained any damages as

the result of the alleged negligence [and breach of contract] of the defendant[ ], as there has neither been a judgment nor a settlement against him in the underlying personal injury action" (*Hesse v Speece*, 204 AD2d 514 [1994]). Accordingly, the plaintiff's claim for declaratory relief should have been dismissed as premature (*see Hesse v Speece, supra; Staten Is. Hosp. v Alliance Brokerage Corp., supra; Cutro v Sheehan Agency*, 96 AD2d 669 [1983]).

In view of the foregoing, the plaintiff's first and second causes of action, which sought the alternative relief of recovery of the insurance premium it paid, should be reinstated as requested by the plaintiff. Accordingly, the plaintiff may elect to immediately pursue its claim for recovery of the premium, or it may await further developments in the underlying personal injury action which may ultimately support a viable indemnification claim. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.