■ Paul Tucci et al., Respondents, v Talon Seafood South, Inc., Doing Business as La Renaissance French Pastries, et al., Appellants. [812 NYS2d 607]—

In an action, inter alia, to recover damages for breach of contract and fraud, and for specific performance of a shareholders' agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered December 22, 2004, as denied those branches of their motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the second, third, fourth, ninth, eleventh, and twelfth causes of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to dismiss the third, fourth, ninth, and twelfth causes of action, and substituting therefor provisions granting those branches of the motion which were to dismiss the third, fourth, and twelfth causes of action, and granting that branch of the motion which was to dismiss the ninth cause of action only to the extent that it was predicated on facts alleged in the third cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendants' contention, the second cause of action states a cognizable claim based on fraud in the inducement (*see Shisgal v Brown,* 21 AD3d 845 [2005]; *RKB Enters. v Ernst & Young,* 182 AD2d 971, 972 [1992]). Relatedly, the ninth cause of action, to the extent predicated on facts alleged in the second cause of action, sufficiently states a prima facie case for piercing the corporate veil (*see Shisgal v Brown, supra*).

We agree with the defendants, however, that the third cause of action fails to state a viable fraud-based claim (*see Marshel v Farley,* 21 AD3d 935 [2005]), and the ninth cause of action, to the extent that it was predicated on facts alleged in the third cause of action, also fails.

Contrary to the defendants' contention, an oral promise by two of the individual defendants, Sabine Poisson and Joel Poisson, to indemnify the individual plaintiffs, Paul Tucci and Paul Freed, for becoming guarantors for two of the corporate defendants, Talon Seafood South, Inc., doing business as La Renaissance French Pastries, and La Renaissance Catering, Inc., is not barred by General Obligations Law § 5-701 (a) (2) (*see Jones v Bacon,* 145 NY 446 [1895]; *O'Brien v Donnelly,* 169 App Div 709 [1915]). Nevertheless, the fourth cause of action for

contractual indemnification should have been dismissed as premature because the future event that allegedly would give rise to the duty to indemnify is not within the exclusive control of the parties, and may never occur (*see Kings Park Indus., Inc. v Affiliated Agency, Inc.,* 22 AD3d 466, 467 [2005]).

We agree with the defendants that the twelfth cause of action, as pleaded, fails to state any legally cognizable claim and, therefore, should have been dismissed (*see Coleman v Nassau County,* 2 AD3d 562 [2003], *lv denied* 2 NY3d 707 [2004], *cert denied* 543 US 933 [2002]; *Kung v Pan,* 285 AD2d 532 [2001]). To the extent that the plaintiffs, in opposition to the motion, attempted to recast the twelfth cause of action as one for contractual indemnification, such claim is premature for the reasons stated above in connection with the fourth cause of action (*see Kings Park Indus., Inc. v Affiliated Agency, Inc., supra*).

The defendants' remaining contentions are without merit. Adams, J.P., Santucci, Goldstein and Fisher, JJ., concur.