■ CATARACT METAL FINISHING, INC., Appellant-Respondent, v CITY OF NIAGARA FALLS et al., Respondents, and CENTIMARK CORPORATION, Respondent-Appellant. [818 NYS2d 409]—

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered July 28, 2005. The order, among other things, granted defendants' motion and cross motion seeking summary judgment dismissing the amended complaint and denied plaintiff's cross motion seeking partial summary judgment on the issue of liability and seeking summary judgment dismissing the counterclaim.

It is hereby ordered that said cross appeal be and the same hereby is unanimously dismissed and the order is modified on the law by granting plaintiff's cross motion in part and dismissing the counterclaim and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages resulting from a fire that destroyed its metal refinishing plant on February 3, 2000. Plaintiff alleges that defendant Centimark Corporation (Centimark), a roofing contractor that was replacing the roof on the plant at the time of the fire, was negligent in igniting and failing to extinguish a fire on January 29, 2000 that smoldered and caused the fire on February 3, 2000. Plaintiff further alleges that defendants City of Niagara Falls, its fire department and the chief of the fire department (collectively, Niagara Falls defendants) were negligent in using

water rather than foam to extinguish the fire. According to plaintiff, hazardous chemicals stored in the plant were released into the area, including the local sewer system, as a result of the negligence of the Niagara Falls defendants.

Supreme Court properly granted the motion of Centimark seeking summary judgment dismissing the amended complaint against it and denied that part of plaintiff's cross motion seeking partial summary judgment on liability against Centimark. Although Centimark's cross appeal from the order must be dismissed because Centimark is not an aggrieved party (*see* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]; *Matter of Brown v Starkweather*, 197 AD2d 840, 841 [1993], *lv denied* 82 NY2d 653 [1993]), we note that Centimark may nevertheless contend as an alternative basis for affirmance in connection with plaintiff's appeal that it is entitled to summary judgment on a ground rejected by the court (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]; *Merz v Seaman*, 265 AD2d 385, 386 [1999]). The court granted the motion of Centimark and the cross motion of the Niagara Falls defendants for summary judgment dismissing the amended complaint against them on the ground that plaintiff "failed to establish proof of actual damages which are an essential aspect of a negligence claim" and further determined that, if plaintiff had "establish[ed] proof of actual damages," there were triable issues of fact whether defendants caused or contributed to the fire, thus precluding summary judgment. We agree with Centimark that the court instead should have determined that Centimark was entitled to summary judgment dismissing the amended complaint against it because it established as a matter of law that it did not cause the fire and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Centimark met its initial burden by submitting evidence that the small fire that ignited on January 29 was fully and immediately extinguished, and investigators for defendant fire department concluded that the cause of the February 3 fire was undetermined (*see Tower Ins. Co. of N.Y. v M.B.G. Inc.*, 288 AD2d 69 [2001]; *New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.*, 280 AD2d 652, 653 [2001]; *Zalondek v Laudato*, 246 AD2d 742 [1998]). Plaintiff failed to raise a triable issue of fact by submitting the conclusory and speculative affidavit of its hazardous materials expert (*see Tower Ins. Co. of N.Y.*, 288 AD2d at 69-70; *New York Cent. Mut. Fire Ins. Co.*, 280 AD2d at 653; *see generally Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Rockefeller v Albany Welding Supply Co.*, 3 AD3d 753, 756 [2004]).

The court also properly granted the cross motion of the Niagara Falls defendants seeking summary judgment dismissing the amended complaint against them and denied that part of plaintiff's cross motion seeking partial summary judgment on liability against them. It is undisputed that the costs of cleaning up and remediating the chemical spill resulting from the fire were paid by the New York State Department of Environmental Conservation, not by plaintiff. "[T]he future event that allegedly would give rise to the duty to indemnify is not within the exclusive control of the parties, and may never occur," and thus the causes of action against the Niagara Falls defendants are premature (*Tucci v Talon Seafood S., Inc.*, 27 AD3d 642, 644 [2006]; *see Kings Park Indus., Inc. v Affiliated Agency, Inc.*, 22 AD3d 466, 467-468 [2005]).

We agree with plaintiff, however, that the court erred in denying that part of its cross motion seeking summary judgment dismissing the counterclaim of the Niagara Falls defendants. Plaintiff established its entitlement to judgment as a matter of law and the Niagara Falls defendants failed to submit evidence raising a triable issue of fact with respect to the counterclaim (*see generally Zuckerman*, 49 NY2d at 562). We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.