# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**810**

**CA 11-00265**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

NEW YORK MUTUAL UNDERWRITERS, AS SUBROGEE OF
GARY FITZGERALD AND KIMBERLY FITZGERALD,
PLAINTIFF-RESPONDENT,

|                                          |                        |
|------------------------------------------|------------------------|
| V                                        | MEMORANDUM AND ORDER   |

THOMAS KING, RYAN HARE, BENJAMIN BERGAN AND
KAYLEE PETROSINO, DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF TAYLOR & SANTACROSE, BUFFALO (CHRISTOPHER R. TURNER OF
COUNSEL), FOR DEFENDANT-APPELLANT THOMAS KING.

HISCOCK & BARCLAY, LLP, SYRACUSE (KEVIN M. HAYDEN OF COUNSEL), FOR
DEFENDANT-APPELLANT RYAN HARE.

LAW OFFICE OF THERESA J. PULEO, SYRACUSE (JOSEPH RALPH PACHECO, II, OF
COUNSEL), FOR DEFENDANT-APPELLANT BENJAMIN BERGAN.

LAW OFFICES OF MARY AUDI BJORK, DEWITT (BARNEY F. BILELLO OF COUNSEL),
FOR DEFENDANT-APPELLANT KAYLEE PETROSINO.

KNYCH & WHRITENOUR, LLC, SYRACUSE (BRENDAN J. REAGAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------

Appeals from an order of the Supreme Court, Cayuga County (Mark
H. Fandrich, A.J.), entered April 20, 2010. The order denied the
motions of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motions are granted
and the complaint is dismissed.

Memorandum: Plaintiff commenced this action as subrogee of Gary
and Kimberly Fitzgerald seeking to recover damages from a fire at the
Fitzgeralds' vacation home. Defendants, one of whom was the nephew of
the Fitzgeralds, had spent the night at the house and awoke the
following morning when the fire broke out. The fire investigators
determined that the fire originated on the rear porch of the house,
but the cause of the fire was undetermined. The investigators were
unable to determine conclusively whether the fire was caused by either
a carelessly discarded cigarette or an unattended citronella candle.

Supreme Court erred in denying defendants' motions for summary
judgment dismissing the complaint against them. Defendants met their

initial burden of establishing that they were not responsible for the fire, and plaintiff failed to raise a triable issue of fact (*see Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130).  Defendants submitted evidence establishing that none of them smoked a cigarette on the porch, and they further submitted evidence establishing that none of them lit the candle or even observed that it was lit.  The affidavit of plaintiff's expert in opposition to the motions is insufficient to raise a triable issue of fact because it is based on mere speculation (*see Public Serv. Mut. Ins. Co. v 99¢ Plus of Fifth Ave.*, 5 AD3d 276; *Easy Shopping Corp. v Sneakers Ctr. & Sports*, 303 AD2d 361; *Tower Ins. Co. of N.Y. v M.B.G. Inc.*, 288 AD2d 69).

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court