■ BARBARA SLONECKI, D.D.S., Appellant, v STEVE DAMM et al., Respondents. [996 NYS2d 102]—

In an action to recover damages for injury to property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Asher, J.), entered August 21, 2012, which, upon an order of the same court dated July 9, 2012, granting the motion of the defendant Steve Damm, and the separate motion of the defendants Duke's Neutral Corner, Inc., and Paul Schroeder for summary judgment dismissing the complaint insofar as asserted against each of them, is in favor of the defendants and against

her dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages for injury to property that she allegedly sustained on March 4, 2006, when a fire spread from an adjoining building to the premises where she operated her dental office. An investigation conducted by the Suffolk County Police Department could not determine the cause of the fire. After depositions had been conducted, the defendant Steve Damm, who owned the building where the fire originated, and the defendants Duke's Neutral Corner, Inc., and Paul Schroeder, who operated a tavern on the ground floor of that building, separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the defendants' separate motions, and thereafter entered a judgment in favor of the defendants and against the plaintiff dismissing the complaint.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' separate motions for summary judgment. In support of their respective motions, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting investigative reports and transcripts of deposition testimony establishing that there was no evidence that their acts or omissions were a proximate cause of the fire. The defendants' submissions showed that the Suffolk County Police Department was unable to determine the cause of the fire (*see Ali Abd Aloan Alomsi v 250 Dean, LLC*, 101 AD3d 1056 [2012]; *One Beacon Ins. Co. v CMB Contr. Corp.*, 84 AD3d 902 [2011]; *Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130 [2006]; *Easy Shopping Corp. v Sneakers Ctr. & Sports*, 303 AD2d 361 [2003]; *New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.*, 280 AD2d 652, 653 [2001]). In opposition, the plaintiff failed to raise a triable issue

of fact. In the absence of any evidence, the plaintiff's claim that the fire was electrical in origin was speculative (*see Easy Shopping Corp. v Sneakers Ctr. & Sports*, 303 AD2d at 362; *Tower Ins. Co. of N.Y. v M.B.G. Inc.*, 288 AD2d 69 [2001]). Eng, P.J., Dillon, Duffy and Barros, JJ., concur.