■ O.K. PETROLEUM DISTRIBUTION CORP. et al., Appellant, v WEST HEMPSTEAD WATER DISTRICT et al., Defendants, and CHEVRON U.S.A., INC., et al., Respondents. [16 NYS3d 762]—In an action, inter alia, for contribution, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated August 12, 2013, as granted those branches of the separate motions of the defendants Chevron U.S.A., Inc., and Gulf Oil Corporation, Cumberland Farms, Inc., Mobil Oil Corporation, now known as Exxon Mobil Corporation, and Socony-Vacuum Oil Corp., Ronald Jordan and Esther Jordan, Motiva Enterprises, LLC, and Rila Realty Corp. which were pursuant to CPLR 3211 (a) to dismiss the cause of action for contribution for liability the plaintiffs in this action might incur in connection with an action entitled *State of New York v O.K. Petroleum Distrib. Corp.*, pending in the Supreme Court, Albany County, under index No. L-00063-12, insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted those branches of the respondents' separate motions which were pursuant to CPLR 3211 (a) to dismiss the cause of action for contribution for liability the plaintiffs in this action might incur in connection with an action entitled *State of New York v O.K. Petroleum Distrib. Corp.*, pending in the Supreme Court, Albany County, under index No. L-00063-12, insofar as asserted against each of them. While CPLR 1403 permits a separate cause of action for contribution, in this case, the plaintiffs have not sustained any damages as the result of the alleged negligence of the

respondents, as there has been no judgment or settlement in the underlying action (*see Kings Park Indus., Inc. v Affiliated Agency, Inc.*, 22 AD3d 466 [2005]; *Hesse v Speece*, 204 AD2d 514 [1994]). Accordingly, the cause of action for contribution at issue here is premature, as the resolution of the underlying action is beyond the control of the parties and might not result in an award of damages (*see Cutro v Sheehan Agency*, 96 AD2d 669 [1983]; *see also New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.