Chung v Young (2020 NY Slip Op 07029)





Chung v Young


2020 NY Slip Op 07029


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-11015
 (Index No. 10212/14)

[*1]Chase Chung, etc., et al., appellants, 
v
Cuthbert Young, Jr., et al., respondents, et al., defendant.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellants.
Farber Brocks & Zane LLP, Garden City, NY (Tracy L. Frankel of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated June 21, 2018. The judgment, insofar as appealed from, upon an order of the same court entered May 25, 2018, inter alia, granting that branch of the motion of the defendants Cuthbert Young, Jr., and Sandra Young which was for summary judgment dismissing the amended complaint insofar as asserted against them, is in favor of those defendants and against the plaintiffs dismissing the amended complaint insofar as asserted against those defendants.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Cuthbert Young, Jr., and Sandra Young which was for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint insofar as asserted against the defendants Cuthbert Young, Jr., and Sandra Young is reinstated, and the order is modified accordingly.
The infant plaintiff, by his father and natural guardian, and his father, individually, commenced this action against the defendants Cuthbert Young, Jr., and Sandra Young (hereinafter together the defendants), inter alia, to recover damages for injuries sustained by the infant plaintiff when a "ball of fire" emitted from the stove in their apartment. The apartment was located in a building owned by the defendants. The plaintiffs alleged, among other things, that the defendants negligently failed to maintain the stove in a reasonably safe condition. Thereafter, the plaintiffs filed an amended complaint adding another defendant.
Following discovery, the defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them. By order entered May 25, 2018, the Supreme Court granted that branch of the defendants' motion. The plaintiffs appeal.
A property owner who moves for summary judgment in a premises liability case has the initial burden of demonstrating, prima facie, that it neither created the alleged defective condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see McPhaul v Mutual of Am. Life Ins. Co., 81 AD3d 609, 609). Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on the issue of constructive notice. In support of their motion, the defendants submitted the transcript of the deposition testimony of the infant plaintiff's mother, nonparty Meiling Thompson. She testified [*2]that prior to the fire, she complained to Cuthbert Young, Jr., on three separate occasions regarding the stove in the apartment malfunctioning. This testimony demonstrated the existence of a triable issue of fact as to whether the defendants had constructive notice of the alleged defective condition of the stove.
The defendants also failed to eliminate triable issues of fact as to whether their conduct proximately caused the fire (cf. Slonecki v Damm, 122 AD3d 609, 610-611). Thompson's deposition testimony regarding the manner in which the accident occurred coupled with her testimony regarding the malfunctioning of the stove prior to the fire is sufficient to permit a finding based upon logical inferences that the fire was caused by the defendants' negligent conduct (see Rivera v 203 Chestnut Realty Corp., 173 AD3d 1085, 1086-1087).
As the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment dismissing the amended complaint insofar as asserted against them should have been denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Sartori v JP Morgan Chase Bank, N.A., 127 AD3d 1157, 1158).
In light of the foregoing, the parties' remaining contentions need not be addressed.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court